By the Court.

in this case the appeal having been dismissed, by consent of both parties, the ap- . pellees, the plaintiffs below, applied to the Judge of the District "Court, praying that he should suffer the execution of his judgment to proceed, and the District judge having refused so to do, a motion has been made in this court, for a rule on him to shew cause why a mandate should not issue ordering him to have his judgment executed.
It-appears that the difficulty, which has arisen, pn this Occasion, is owing, to a difference of Opinion, entertained by the parties, as to the effect of the dismissal of an appeal. *
*213 Th e appellant contends that the only effect it may have is to give the appellees a right to put the appeal bond in suit; because the judgment of the inferior court,’ having been once extinguished by the appeal, cannot be revived, unless the Court ot Appeals bring it to life again by an affirmance.
The appellees, on the other hand, consider that the appeal only suspends the effect of the judgment-—that the dismissal of the appeal removes the cause of suspension—and the judgment appealed from is thereby p'ut in force again ; and that, if the Judge of the inferior court refuse to have it executed, this court has power to compel him to issue execution.
The first question to be inquired in top as being the ground work of the appellant’s opposition in this case, is whether it be true that the appeal extinguishes the judgment of the inferior court. To resolve this, it is barely necessary to attend to the words of the latv. The appeal itself, so far from extinguishing the judgment,' does not even prevent its effect. The execution of the judg-me/it may be going on, while this; court is taking cognizance of the appeal. But, lest the interest of the party appealing should, in the meantime, be irretrievably injured, the law has granted to him the faculty of staying the execution of- the judgment complained of, by giving to the appel-lee, within a certain time, security to answer for *214 damages, which he may sustain in consequence of such a stay of execution. The effect the judgment, then, is stopped till the fate of the appeal is known ; but the judgment itself sub-¿|sts untji reversed. If affirmed, it continues to subsist. Affirming or reversing what is no more, would be nonsense.
As to the legal effect of the dismissal of an appeal generally, without either reversing or affirming the judgment, the court will not give any opiniph on this occasion, but will confine itself to the examination of the present particular question, viz.' The dismissal of an appeal by consent of the parties. Here, the dismissal, being the act of the parties, not of the court, and the sanction of the court being granted without any inquiry into the case, the order of dismissal cannot be considered as a judgment, in which any point of the cause has been decided. Such withdrawing of an .appeal clearly amounts to no more, in this court, than suffering a nonsuit does amount to, in courts of original jurisdiction. The parties are replaced in the same situation, in which they were before any appeal had been claimed, and every thing ought to proceed, in the inferior court, as if no appeal was pending.
It is, therefore, ordered that a mandate do issue, directed to the Judge of the first district, informing him that the appeal, which had been *215 claimed, has been withdrawn, and requiring him to proceed, as if no appeal'had been granted.