## No. 8852.

### THE STATE OF LOUISIANA VS. WASHINGTON MORGAN.

35  293|
46 1198|

An instrument which reads as follows: "December 23d, 1882. Bleas let James Johnson have ten dollars worth of dry goods, $10, and send the Bill, J. DILLINGER," which is transcribed in full in an indictment for forgery, supported by proper averments, is an order sufficient to sustain a prosecution and to justify a verdict.

In a prosecution for forgery, the person whose name is alleged to have been forged is a competent witness to prove the forgery   1 Martin, p. 214, reaffirmed.

Proof that the accused, with knowledge of the character of the instrument, attempted to pass it in the parish where the charge is brought, is sufficient proof of the venue, even where the instrument does not show on its face that it was executed in that parish.

A clerical error in writing a name in an indictment cannot be invoked as vitiating the proceeding. State vs. Given, 32 An. 782.

APPEAL from the First District Court, Parish of Caddo.   *Jones*, J.

---

### J. C. Egan, Attorney General, for the State, Appellee:

1. The person whose name is alleged to be forged is a competent witness to prove the forgery.  1 M. 215.

2. A bill of exceptions will not be considered and passed upon when it is not plain and explicit as to the objections of defendant and ruling of the court thereon.

3. The Judge *a qua* is not confined or limited to the charge, or the use of language thereof, asked by defendant.

4. In an indictment for forgery the setting forth of the forged instrument in full cures any lack of definiteness or technicality in the name given to said instrument.  13 An. 300; 2 Eng. Law and E. Rep., p. 633; 27 An. 361.

5. Forgery is a " a false making ; " a making *malo animo*, of any written instrument, for the purpose of fraud or deceit.  2 East. P. C. 852.

6. An order to deliver goods, which is addressed to no one, may be the basis of a prosecution for forgery.  2 Lea, (Tenn.) 513; 52 Iowa, 68.

### M. S. Crain, District Attorney, on the same side.

### Hicks & Hicks for Defendant and Appellant:

1. In criminal prosecutions, the rules of evidence prevailing in England in 1805 govern in this State.  R. S. 976 ; 1 M, 111; 16 An. 274; 33 An. 1333.

2. Therefore, he whose name is alleged to have been forged is an incompetent witness to prove the forgery.  2 Russ on Crimes, 392; Roscoe's Crim. Ev. 141.

3. Where the forged instrument is copied in the indictment, a variance between the copy and the instrument offered in evidence, in a letter, if it make a different word, is fatal. Arch. Crim. Pl. 49, 293 ; 8 R. 540; 13 An. 300; Ros. E. 511.

4. The Judge did not define the crime of publishing a forged order, but assumed that accused uttered the order, and instructed the jury that was sufficient evidence of his guilt, if the order was a forgery, and the judgment must be reversed without any exception having been taken.  R. S., Sec. 991; 32 An. 1100; 34 An. 106; 12 R. 162-6.  A charge to the jury that an order not made in favor of the accused, nor indorsed, is not on its face the subject of forgery, but becomes so if he was unknown to the party to whom he offered it, with knowledge of the forgery, is erroneous.

5. A charge that an offer to pass a forged instrument in the parish of Caddo, with full knowledge of the forgery, is sufficient evidence of the forgery in that parish, is erroneous. Desty's Am. Crim. Law, 150 q. ; 3 G. E., Sec. 112.

6. We must look to the common law, as modified, explained and perfected by statutes in 1805, for the definition of a forged order; (R. S., Sec. 976; 8 R. 545; 30 An. 847; 33 An. 1292); and it is well settled that a mere request was not an order; and the forgery of a request to deliver goods was not punished till the passage of the 1 William, 4. 2 Russ. on Crimes, 516, 517, 520, 521, 526, 529; 6 Yerg., Tenn. Rep. 377, 384.

7. A mere request to sell Johnson goods, if genuine, without indorsement or allegation of the accused's right to receive the goods, does not show any liability of the drawer for the price of the goods, if delivered, and the indictment is bad. 2 B. C. L., 5th ed., Secs. 533, 537, 538, 541, 544, 545.

The opinion of the Court was delivered by

POCHÉ, J. The accused appeals from a conviction of forgery and a sentence to ten years' hard labor, under the following instrument, which was transcribed in full in the indictment:

"DECEMBER 23d, 1882.

"Bleas let James Johnson have ten dollars worth of dry goods, $10, and send the Bill.                                                J. DILLINGER."

He seeks relief on the ground of alleged errors, which he submits under several bills of exceptions:

1. He urges the incompetency, as a witness, of Dillinger, whose signature is charged to have been forged, and rests his objection on the common law rule of incompetency, on the ground of interest. An exactly similar objection was considered by this Court in the early case of Territory vs. Barran, 1 Martin, 214, in which the question was very carefully examined. In that case we find the following language: "The general principle of the common law in regard to the inadmissibility of a witness, on account of interest in the event of the suit, is now clearly understood. It is confined to such cases in which the verdict may be given in evidence in a suit brought for or against the witness. In other cases the objection is said to go to his credibility only. In this manner is the law now understood in England and the United States." The opinion concludes with a ruling favorable to the competency of the witness. That decision was rendered several years after the enactment of the statute of 1805, under which the methods of trial, the rules of evidence, etc., prevailing under the common law of England were adopted as rules in criminal prosecutions in this State, and we adopt its reasoning as a correct interpretation of the rule as it then existed under the common law. Hence, we conclude, that the District Judge did not err in admitting the testimony of Dillinger to prove the forgery of his signature to the instrument charged to have been forged.

2. The accused asked the court to charge that, if the order does not authorize Washington Morgan to obtain goods, and if there is no endorsement from James Johnson, it could not be the subject of forgery

by the accused. The charge was given with the following modification, which is objected to : " That if the jury found that the prisoner was a stranger to and unknown by the person to whom he attempted to pass the instrument, with full knowledge of its character, knowing it to be forged was sufficient." There is no error in the charge as given, as it embodies the very essence of the crime of forgery as defined in our statute. The act thus described would show double deception, personating the party described in the order and publishing the forged instrument.

Nor is there error in the charge that, while the order did not purport on its face to have been executed in the parish of Caddo, the proof of the venue was sufficient, if the jury found from the evidence that the offer to pass the instrument by the accused, with full knowledge of its character, was made in the Parish of Caddo.

3. The defendant moved in arrest of judgment on the grounds: 1, that the order was not addressed or directed to any person; 2, that the instrument was a mere request and not an order.

The test under both of these propositions is to be found in the answer to the question whether Dillinger could have been held liable to any person who would have filled the order if proved to be genuine. It is plain to our minds that his liability could not be questioned for a moment. His undoubted liability under such circumstances and his alleged consequent interest in the issue of the case are the very grounds invoked by defendant's counsel for the exclusion of Dillinger's testimony in the case.

The words, " send the bill," at the end of the instrument, clearly give it the character of an order for which Dillinger intended to make himself responsible, and presents a feature not found in any of the cases quoted by defendant's counsel.

4. The objection that the name of the signer of the order is not correctly transcribed in the indictment, because the last letter of the name as copied is an " r," when that letter in the original appears to be a " w," or "n," or " tt," is evidently more fractious than serious. It would at most show a clerical error, which could not vitiate the proceedings. State vs. Given, 32 An. 782.

The judgment of the lower court is correct and it is, therefore, affirmed.