Territory v. Montoya, 17 N. M. 122.

[No. 1424, May 5, 1912.]

## TERRITORY OF NEW MEXICO, Appellee, v. JOSE CASIMIRO MONTOYA, Appellant.

### SYLLABUS (BY THE COURT).

1. The common law of crimes is in force in New Mexico, except where it may have been repealed or modified by statute, and common law procedure is in force, except where special provision is made by statute to the exclusion of the common law procedure.

2. Where the statutes have adopted the common* law definition of murder an indictment may, very properly, omit a direct charge of a purpose or intent to kill, as a part of the overt act alleged as a crime.

3. The statutes of New Mexico, do not attempt to change the common law definition of murder, and does not limit murder in the first degree to those homicides committed purposely, or with intent to kill.

4. Defendant cannot take advantage of an obvious clerical error, corrected by necessary intendment from other parts of the indictment.

5. An indictment which fails to allege in conclusion that the defendant killed and murdered the deceased, is sufficient to charge manslaughter, and where the defendant was convicted of manslaughter he cannot take advantage of the defect, as he was not injured thereby.

6. The jury, in a homicide case, are the sole judges of the fact of the existence of a motive on the part of the accused and the jury may infer a motive from the commission of the crime.

7. Evidence examined, and held sufficient to sustain the verdict.

Appeal from the District Court of Colfax County, before CLARENCE J. ROBERTS, Associate Justice.

M. C. PACHECO and J. LEAHY, for Appellant.

It is necessary to specifically allege in apt and definite language that the mortal wounds given should be .alleged with felonious intent and malice aforethought.    Schaffer v. State, 3 Am. St. Rep. 274; State v. Green, 20 S. W. 304; 3 Chitty Crim. Law, pp. 750-752; 1 Wharton Prec. Ind. p. 117.

Motion to direct verdict upon the grounds of variance should have been sustained.    State v. Wade, 47 S. W. 1070; State v. Ferguson, 53 S. W. 427; Bishop C. P. (4th ed.) vol. 2, 548; Wharton on Homicide, sec. 564; State v. Myers, 12 S. W. 516; State v. Evans, 31 S. W. 34; 23 Stats. Henry VIII, Chap. 1, sec. 1; Chap. 12, Edw. VI, sec. 10; Maher v. People, 81 Am. Dec. 781; Hall v. State, 76 Am. Dec. 617; State v. Smith, 54 Am. Dec. 578; Sims v. State, 99 Ala. 161; State v. Brosius, 39 Mo. 535; People v. Bennet, 49 N. Y. 137; State v. Riley, 113 N. Car. 648; U. S. v. Fullerton, 7 Blatch. 177; Murphy v. Cobb, 5 Colo. 281; State v. Brown, 47 Ohio St. 102.

Statement of the defendant made immediately following shooting was part of *res gestae.*   Honeycutt v. State, 57 S. W. 806; Bateson v. State, 80 S. W. 88; Ross v. Commonwealth, 55 S. W. 4; Beckham v. State, 69 S. W. 534; Griffin v. State, 50 S. W. 366.

Instruction 25 erroneous because it placed the burden of proof on defendant.    Lynch v. State, 6 S. W. 190; Fallin v. State, 3 So. 525; Lewis v. State, 25 So. 43; Holmes v. State, 14 So. 864; Gibson et al. v. State, 8 So. 98; State v. Workman, 17 S. E. 694.

Burden of proof always on state.    People v. Callahan, 6 Pac. 49; People v. Marshall, 44 Pac. 718; People v. Powell, 11 L. R. A. 75.

F. W. CLANCY, Attorney General, for Appellee.

The indictment sufficiently identifies the person assaulted and killed.    Ball v. U. S., 140 U. S. 118, 136; 22 Cyc. 291-5.

. The indictment is sufficient to sustain conviction.    2 Bishop's Crim. Proc. (3rd ed.) sec. 548; 21 Cyc. 858; U. S. v. Cook, 15 N. M. 124.

### STATEMENT OF FACTS.

The appellant, Jose Casimiro Montoya, was indicted for the murder of Jacobo Casados and was tried and convicted of voluntary manslaughter. At the conclusion of the testimony offered by the Territory, and after the Territory had rested its case, the defendant moved for a directed verdict. This motion was overruled.

Upon the conclusion of the testimony, and argument of counsel, the court read its instruction to the jury and the defendant excepted generally to the instructions.

After verdict the defendant moved for a new trial, which was denied. The defendant then moved in arrest of judgment, which was also overruled. Exceptions being taken in each instance, defendant taking this appeal.

### OPINION OF THE COURT.

HANNA, J.—Numerous errors are assigned and we will consider those relied upon by appellant, as far as possible, in the order presented.

The first assignment of error is that "The indictment charges no offense or violation of any law of the Territory of New Mexico, because it does not allege or charge that the mortal wounds were inflicted with felonious intent."

In this connection it is urged (a) that the indictment does not charge that defendant discharged the pistol and, (b) that the indictment does not allege an intention to take the life of deceased.

(a)    We cannot give serious weight to the contention that this indictment fails to charge that defendant "discharged the pistol." The indictment is as follows:

"That Jose Casimiro Montoya, late of the County of Colfax, Territory of New Mexico, on the eighteenth day of March, in the year of our Lord, one thousand nine hundred and eleven at the County of Colfax aforesaid, with force and arms in the upon one Jacobo Casadoa, then and there being, unlawfully, feloniously, wilfully, deliberately, premeditatedly, and with malice aforethought, did then and there make an assault with a certain pistol, then and there charged with gun-powder and loaded with divers leaden bullets, which said pistol said Jose Casimiro Montoya then

and there had and held in his hands, and said Jose Casi-
miro Montoya then and there unlawfully, feloniously, wil-
fully, deliberately, premeditatedly and with malice afore-
thought did point and aim said pistol at and to the body
of said Jacobo Casado*a*, and by force of said gun powder
in said pistol contained as aforesaid, did then and there
unlawfully, feloniously, wilfully, deliberately, premedi-
tatedly and with malice aforethought, discharge and shoot
two of said bullets from out of said pistol so had and
held by him, said Jose Casimiro Montoya, as aforesaid,
at, against and into the body of said Jacobo Casados,
which said bullets by force of said gun powder contained
in said pistol so held and discharged by said Jose Casi-
miro Montoya as aforesaid, did then and there upon and
in the body of said Jacobo Casados strike and enter,
and said bullets did thereby, then and there inflict two
mortal wounds upon and in the body of said Jacobo Casa-
dos, of which said wounds so caused and inflicted as afore-
said, said Jacobo Casados did then and there die; contrary
to the form of the statute in such case made and provided,
and against the peace and dignity of the Territory of
New Mexico."

It appears that the defendant was charged with dis-
charging and shooting "two of said bullets from out of
said pistol" and by all reasonable intendment he must have
discharged the pistol. This is clearly sufficient in the opin-
ion of the court.

(b) The second ground urged in support of this assign-
ment of error presents a more serious aspect and one that
numerous courts have differed with respect to. This ground
presents the alleged necessity of this indictment charging
an intention to kill.

The indictment is based upon sec. 1, chap. 36 of the
Session Laws of 1907, which is as follows:

"All murder which shall be perpetrated by means of
poison or lying in wait, torture, or by any kind of wilful,
deliberate and premeditated killing, or which is committed
in the perpetration of or attempt to perpetrate any felony,
or perpetrated from a deliberate and premeditated design
unlawfully and maliciously to affect the death of any hu-

man being, or perpetreated by any act greatly dangerous to the lives of others, and indicating a depraved mind regardless of human life, shall be deemed murder in the first degree; and all other kinds of murder shall be deemed murder in the second degree."

The common law of crimes is in force in New Mexico, except where it may have been repealed or modified by statute. Likewise common law procedure cnotinues in force here except where special provision is made by statute to the exclusion of the common law procedure.

At common law there were no degrees of murder, and there were but two degrees of felonious homicide, murder and manslaughter. By our statute we have two degrees of murder, first and second, and likewise two degrecs of manslaughter, voluntary and involuntary. At the common law, murder is defined to be the unlawful killing of any reasonable creature, in being and under the King's peace, with malice aforethought, either express or implied: 4 Bla. Com. 198. Sec. 1060 of the Comp. Laws of 1897 defined murder is substantially the foregoing language.

In Schaffer v. State, 3 Am. State. 274 (Neb.), cited by appellant, it is correctly stated that at common law a purpose, design, or intent to kill is not an essential ingredient, but, it is also there stated that the rule of the common law has been changed, and the purpose, design, or intent to kill must now be alleged. The statute construed by this Court contains the word "purposely" in defining the crime of murder in the first degree. In this case the Court followed the rule laid down by the Supreme Court of Ohio, in the case of Fouts v. State, 8 Ohio 98, construing the statute of Ohio, likewise containing the word "purposely" in its definition of the crime of murder in the first degree.

In the case of Hamilton v. United States, 26 App. Cas. D. C. 386, it is clearly pointed out that in those states in which the statutes have simply adopted the common law definition of murder an indictment may, very properly, omit a direct charge of a purpose or intent to kill, as a part of the overt act alleged as a crime.

Davis v. Utah Territory, 151 U. S. 270.

It should be borne in mind that our state does not attempt to change the definition of the crime of murder as known to the common law. It provides that "all murder which shall be perpetrated by means of poison, or lying in wait," etc., shall be denominated as murder in the first degree, "and all other kinds of murder shall be deemed murder in the second degree."

It has been said that the legal scope of murder as a generic term, is unchanged, by this class of statutes.

1 Wharton's Crim. Law, sec. 393.

Our statute does not limit murder in the first degree to those homicides committed purposely, or with intent to kill. In our opinion the essential elements of our statute, so far as challenged by this assignment, have been charged in the indictment in this case. The first assignment of error is, therefore, not well taken.

The second assignment of error relied upon by appellant is that a variance appears· upon the face of the indictment, because it alleged the assault was made upon "Jacobo Casad*oa*," and the proof disclosed that the assault was made on Jacobo Casados.

In this connection it is urged that it was not within the province of the Court to declare the name "Casad*oa*" appearing in the indictment to have been a typographical error.

Referring to the indictment we find that it charged as follows: That Jose Casimiro Montoya, late of the County of Colfax, Territory of New Mexico, on the eighteenth day of March, in the year of our Lord, One Thousand Nine Hundred and Eleven at the County of Colfax aforesaid, with force and arms in and upon one Jacobo Casad*oa*, then and there being, unlawfully feloniously, wilfully, deliberately, premeditatedly and with malice aforethought, did then and there make an assault with a certain pistol, then and there charged with gun powder and loaded with divers leaden bullets, which said pistol said Jose Casimiro Montoya then and there had and held in his hands and said Jose Casimiro Montoya then and there unlawfully, feloniously, wilfully, deliberately, premeditatedly and with malice aforethought did point and aim said pis-

tol at and to the body of said Jacobo Casados, etc." In four other essential charging parts of this indictment the name of deceased appears as Jacobo Casados, from which it clearly appears that the writing of the name Casadoa is purely a clerical or typographical error.

The object of an indictment is definitely to apprise the person accused, of the offense with which he is charged, so that he may properly prepare his defense, and it should be so drawn that, in case any other proceedings should be taken against him for the same offense, he could plead a former acquittal or conviction.

Ball v. U. S. 140 U. S. 136.

It is quite apparent that appellant was notified that he was accused of having killed Jacobo Casados. In our opinion this was an obvious clerical error corrected by necessary intendment of other parts of the indictment.

22 Cyc. 291.

State v. Morgan, 35 La. Ann. 293.

State v. Ford, 28 La. Ann. 797.

Greeson v. State, 6 Miss. (5 How.) 33.

The third assignment of error urged by appellant is that there was no allegation in the indictment that the defendant killed or murdered deceased. This was the principal ground relied upon in support of the motion for a directed verdict, and was also set forth as one of the grounds in support of the motions for new trial and arrest of judgment.

It is here urged as one of the alleged errors of the Court below in failing to direct the jury to find a verdict of not guilty.

The motion in this respect is as follows: "Whilst the indictment attempts to charge and allege acts amounting to murder, it does not charge murder, nor any other offense, because there is no allegation in the indictment that the defendant murdered the deceased, Jacobo Casados."

This charge is sufficient as a charge of manslaughter and therefore the indictment did charge an offense.

Territory v. Montoya, 17 N. M. 122.

2 Bishop's Crim. Pro. (4th Ed.) sec. 548.

The conviction here was for manslaughter. We are of the opinion that this assignment of error must be overruled.

The next error assigned is that the Court should have directed a verdict because the Territory failed to establish a motive for the murder, and that there was no sufficient evidence to prove an intent to take the life of the deceased.

We have carefully examined the record and find that Reymundo Leyba, a witness for the prosecution, testified that the accused had stated to him a few weeks prior to the homicide that he had three enemies, naming deceased as one of them.

This testimony, as well as the reason assigned by defendant for the pre-existing enmity, were proper subjects of consideration by the jury as judges of the fact of the existence or non-existence of a motive.

We are of the opinion that the jury, in homicide cases, not only are sole judges of the fact of the existence of a motive on the part of the accused, but the jury may infer a motive from the commission of the crime, or the actions of the slayer.

Wharton on Homicide, 3rd ed. sec. 596.

The question of intent urged in connection with this assignment we have considered in connection with the first assignment of error.

For the reason stated we cannot give favorable consideration to this assignment of error.

The appellant further urges as a ground for reversible error that the Court erred in overruling the defendant's motion to take from the jury a portion of the testimony of Luciana Rivera and Eusebia Rivera. It appears that these witnesses testified that defendant fired two shots, but on cross-examination Luciana Rivera qualified her testimony by stating that she believed it was Casimiro who fired the shots, and Eusebia Rivera, a daughter of Luciana Rivera, tesified that her mother told her that Don Jose Casimiro fired the shots. Because this testimony is asserted to be conclusions of these two

witnesses and was not withdrawn from the jury, error is alleged. In our opinion it was necessary to consider the testimony of these witnesses as a whole; there was conflicting testimony by each witness, due possibly to the confusion of the witness while under cross examination. The conflict of testimony was such that the Court properly permitted the jury to consider it as a whole, in order that it might determine the weight of the evidence, as well as the true meaning and intent thereof.

It is asserted in this connection that, at the time the prosecution rested, there was no proof that defendant had fired the shots except the alleged conclusions of these two witnesses referred to, and therefore that the Court should have directed a verdict. The record discloses that this is not the case, it appearing that the witness Donaciana Mares, for the prosecution, testified that the defendant, immediately after the shooting, admitted to those present that he had shot the deceased.

The next assignment of error was that the indictment was defective because it did not allege that deceased died of a mortal wound. In this respect we find that the indictment charged as follows: "and said bullets did thereby, then and there inflict two mortal wounds upon and in the body of said Jacobo Casados ,of which said wounds so caused and inflicted as aforesaid, said Jacobo Casados did then and there die."

We are clearly of the opinion this indictment is not subject to the criticism advanced by this assignment of error.

It is also contended by appellant that the evidence is insufficient to sustain the verdict of the jury. The argument in support of this contention is addressed primarily to the weight to be given to the testimony of the several witnesses, and this Court cannot now disturb the verdict of the jury in this case. There was substantial evidence offered in the case and it was for the jury to weigh the same.

We are of opinion that the evidence is sufficient to sustain the verdict.

A number of additional assignments of error are dealt

with in appellant's brief, some apparently waived, but all have been considered and we are of the opinion that no reversible error has been found, therefore, the judgment of the lower court is affirmed.

### SYLLABUS (BY THE COURT).

