KOEHLER v. STATE OF INDIANA.

[No. 23,387. Filed April 25, 1919. Rehearing denied June 26, 1919.]

1. INDICTMENT AND INFORMATION.— Venue.— Sufficiency.— The omission of the name of the state from the body of an indictment does not render the pleading fatally defective where the name thereof appears in the caption, since the caption is part of the pleading. p. 388.

2. RAPE.—Evidence.—Guilty Knowledge.—Though, in a prosecution for rape upon a girl under the age of consent, it is not incumbent upon the state to prove that the defendant had knowledge of the girl's age, testimony of the mother of the girl as to a conversation had with the defendant, or in his presence, regarding the daughter's age was not objectionable, though the conversation took place before the offense was committed, since it tended to show guilty knowledge. p. 390.

3. WITNESSES.—Contradictory Statements.—Right to Explain.— In a statutory rape case, it was not error for the court to permit the prosecuting witness to explain why she wrote a letter to the defendant, which had been introduced by the defense, and which tended to exonerate the defendant and to contradict her testimony, since a witness has the right to explain or reconcile inconsistent statements and to have the explanation submitted to the jury. p. 390.

4. CRIMINAL LAW.—Rape.—Evidence.—Admission.—In a statutory rape case, the court properly permitted a witness to detail a conversation had with the defendant before the offense was committed, in which the witness told the defendant that he had no business to go with the prosecuting witness and, in reply to which, the defendant said that they would not catch him and that it would be all right if they should, such testimony being competent to show the acquaintance, associations and familiarity of the parties. p. 390.

5. CRIMINAL LAW.—Admission of Evidence.—Objections.—Even if it was improper for the prosecuting attorney to ask the defendant on cross-examination whether he was thrown out of certain lodges for immorality, there was no error in admitting it over the objection that the question was improper "for the reason that secret societies are not subject to the same sort of investigations as persons" and their laws "might be different from the laws of the courts * * * with right of appeal." p. 391.

6. CRIMINAL LAW.—Appeal.—Scope of Review.—Where there are specific objections to the admission of evidence, the impli-

cation follows that there are no others, or, if others, that they are waived; and a party may not make one objection in the trial court and another on appeal.    p. 391.

7.   CRIMINAL LAW.—*Instructions.*—An instruction in a rape case that, if the jury were convinced beyond a reasonable doubt that the defendant was guilty of some one of the offenses included in the indictment, but entertained a reasonable doubt as to which offense he was guilty of, then they should find him guilty of the lowest offense, was not erroneous, since it was substantially in the language of the statute, and for the further reason that other instructions on the subject so clearly advised the jury that it could not have been misled.   p. 392.

From Allen Circuit Court; *William H. Eichhorn,* Special Judge.

Prosecution by the State of Indiana against John H. Koehler.    From a judgment of conviction, the defendant appeals.    *Affirmed.*

*Samuel M. Hench, W. C. Ryan* and *L. H. Dunten,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings, Dale F. Stansbury* and *Franklin A. Emerick,* for the state.

MYERS, J.—Appellant was tried and convicted upon an indictment returned by a grand jury of Allen county charging him with carnal knowledge of a female child under sixteen years of age.    Acts 1907 p. 85, §2250 Burns 1914.

In this court the only errors well assigned and not waived are:    (1) That the trial court erred in overruling his motion to quash the indictment and each count thereof; (2) that the trial court erred in overruling his motion for a new trial.

The only point made against each count of the indictment is that it fails to state that the county of Allen is in the State of Indiana.    This identical question has been decided by this court against appellant's contention in *Anderson* v. *State* (1886),

104 Ind. 467, 4 N. E. 63, 5 N. E. 711. In that case it was held that under our Criminal Code the caption and upper marginal title is to be considered a part of the indictment.

The indictment in the case at bar with reference to the caption and marginal title reads as follows:

"State of Indiana, Allen County, SS:

"In the Allen Circuit Court.

"November Term 1916.

"The State of Indiana
          vs.                    Indictment for Rape.
John H. Koehler

"The grand jury of the County of Allen upon their oath, do present that on the —— day of August, 1916, John H. Koehler at the County of Allen in the State of Indiana * * *."

It is perfectly clear from that part of the indictment quoted that it was returned into the Allen Circuit Court by a grand jury of Allen county which is stated in the caption to be in the State of Indiana. The offense is directly charged to have been committed in "Allen county, Indiana." The objection of appellant is not well taken, and the motion to quash was properly overruled. *Winegardner* v. *State* (1913), 181 Ind. 525, 104 N. E. 969; *Long* v. *State* (1877), 56 Ind. 182, 26 Am. Rep. 19; *Turpin* v. *State* (1881), 80 Ind. 148; *Hawkins* v. *State* (1894), 136 Ind. 630, 36 N. E. 419.

Appellant in support of his motion for a new trial has assigned many reasons, nearly all of which pertain to the admission or rejection of evidence at the trial. A number of these specifications present no question, therefore we shall give attention only to such specifications as are reasonably before the court.

It is first contended that the court erred in permitting

the mother of the prosecuting witness to testify to a
conversation had with the accused, or in his pres-

2. ence, as to the girl's age, in which she said that
she was keeping her daughter back from high
school.   The question was objected to on the ground
that it called for a conversation prior to the time of the
alleged offense; that it was in the nature of hearsay, and
that her age at that time was immaterial.   The witness
had testified that the prosecuting witness was fourteen
years of age at the time of the trial, and from the rec-
ord we learn the trial was begun on June 18, 1917.   It
appears that the conversation inquired about took place
after February, 1915, and before the offense was com-
mitted in August, 1916.   This testimony tended to show
knowledge on the part of the defendant of the girl's age,
a fact not incumbent on the state to prove, yet it was
proper for the purpose of showing guilty knowledge.
Appellant's objection was not well taken.

It is further insisted that the trial court erred in per-
mitting the prosecuting witness to explain why she
wrote a certain letter to the appellant which had

3. been read in evidence on the part of the defense.
The effect of this letter was to exonerate appel-
lant from the offense for which he was then on trial,
and to contradict the evidence of the prosecuting wit-
ness given at the trial.   It is clearly the right of a wit-
ness to explain or reconcile any inconsistent utterances
as well as the situation or condition under which such
contradictory statements are made, and to have such ex-
planations submitted to the jury.   Underhill, Crim. Ev.
(2d ed.) §238; Buehner v. Feulner (1904), 164 Ind.
368, 374, 73 N. E. 816.

Appellant insists that the court erred in permitting a
witness to detail a conversation had with the appellant,
wherein she (witness) stated that she (witness)

4. told the appellant that he had no business to go

with the prosecuting witness; that they would get caught, and that appellant said they wouldn't catch him, and if they got caught it would be all right with him. The objection urged to the question calling for this testimony was that this conversation took place prior to the time fixed when the offense was committed; that it raised a collateral issue. While this testimony was in the nature of an admission, it was competent for the purpose of showing the acquaintance, associations and familiarity of the parties.

Appellant also complains of the action of the trial court in permitting the prosecuting attorney to ask him on cross-examination whether he was thrown out of two certain lodges for immorality, and in requiring him to answer that question. Appellant objected to this question "for the reason that secret societies are not subject to the same sort of investigations as persons. As to whether he was expelled from any secret society in which they have laws that might be different from the laws which govern the courts of justice in the State of Indiana with its right of appeal, we claim he should not have asked that question." These are specific objections to the admission of evidence and from which the implication follows that there are no others, or, if others, that they are waived. *Bass* v. *State* (1894), 136 Ind. 165, 36 N. E. 124; *Pichon* v. *Martin* (1904), 35 Ind. App. 167, 73 N. E. 1009. In this court appellant insists that the question and answer tended to impeach the witness, or at least it tended to affect his credibility before the jury. The law is well settled that a party will not be allowed to make one objection to the admissibility of evidence in the trial court and another in this court. *Van Spanje* v. *Hostettler* (1918), —— Ind. App. ——, 119 N. E. 725; *Cleveland, etc., R. Co.* v. *Woodbury Glass Co.* (1918), —— Ind. App. —— 120 N. E. 426 434. The question

raised must be determined upon the record as made in the trial court. That record, as we see it, does not raise the question discussed here. While we do not hold that the question called for admissible evidence, yet we do hold that there was no error in admitting it over the objections interposed.

Error is claimed on the giving of instruction No. 13 by the court on its own motion. This instruction in substance told the jury that, if they were con-

7. vinced beyond a reasonable doubt that the defendant was guilty of some one of the offenses included in the charge contained in the indictment, but entertained a reasonable doubt as to which of the several offenses he was guilty of, then they should find him guilty of the lowest offense. This instruction was substantially in the language of §2137 Burns 1914, Acts 1905 p. 584, §261, and there was no error in giving it. In addition it may be said that the court in other instructions clearly advised the jury in regard to the lower grades of offenses included in the charge of rape. Taking the instructions as a whole, the jury could not have been misled by the questioned instruction. *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568; *Newport* v. *State* (1895), 140 Ind. 299, 39 N. E. 926.

After a careful consideration of the record in this case, we are fully convinced that appellant had a fair trial, and that his alleged errors do not warrant us in granting him a new trial. Judgment affirmed.

NOTE.—Reported in 123 N. E. 111. See under (1) 22 Cyc 312; (2) 33 Cyc 1473; (3) 40 Cyc 2782.