TOKACS *v.* STATE OF INDIANA.

[No. 25,724. Filed November 18, 1930.]

*Ira M. Holmes* and *John P. Crumpacker,* for appellant.
*James M. Ogden,* Attorney-General, *George W. Huf-smith* and *E. Burke Walker,* Deputy Attorney-Generals, for the State.

MYERS, J.—On change of venue from the criminal court of Lake County, appellant, in the Porter Circuit Court, was tried and convicted of murder in the second degree. Judgment and sentence for life followed his conviction. In this court, he assigns as errors the overruling of his motion in arrest of judgment, his motion for a new trial, and that the court erred in assuming jurisdiction over the subject-matter and of the person of appellant.

We will first notice the jurisdictional question. This question is sought to be presented not only by an independent assignment of error, but by his motion in arrest of judgment and by his motion for a new trial. In this jurisdiction, a judgment upon a conviction in a prosecution by the State for an alleged offense may be arrested only when it appears: (1) "That the grand jury which found the indictment had no legal authority to inquire into the offense charged, for the reason that such offense was not within the jurisdiction of the court"; and (2) that "the facts stated in the indictment or affidavit do not constitute a public offense." Acts 1925 p. 490, §2326 Burns 1926. The grounds upon which appellant predicates his motion in arrest are stated in 11 paragraphs, the substance of which is that appellant was tried without being arraigned or pleading to the indictment, nor did the court enter a plea of not guilty for him (§§2332, 2333 Burns 1926); that the record of the court below failed to show that the indictment or the original papers in the criminal court of Lake County were by the sheriff of that county transferred in a sealed package, and deposited in the clerk's office of

the Porter Circuit Court; that the transcript of the criminal court of Lake County fails to show that the grand jury of that county returned an indictment against appellant; nor does the transcript show that the indictment charging appellant with murder in the first degree was ordered transmitted to the Porter Circuit Court. The reasons thus assigned for arresting the judgment are not within the causes provided by statute, nor do they furnish the basis for independent assignments of error, but are properly questions which may be presented by a motion for a new trial. §2325 Burns 1926, clauses 1 and 9; *Andrews* v. *State* (1925), 196 Ind. 12, 146 N. E. 817; *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103; *Koscielski* v. *State* (1927), 199 Ind. 546, 158 N. E. 902.

Looking to the alleged error of the court in overruling appellant's motion for a new trial, we find several causes upon which appellant seems to rely. The alleged failure of arraignment and plea is presented under the cause that verdict is contrary to law. Prior to the time of taking effect of Acts 1927 p. 411, ch. 132, §9, amending Acts 1905 p. 584, §197, the failure of a defendant to enter a plea to an indictment or affidavit, or if he stand mute and no plea is entered for him by the court, was a sufficient showing requiring the court to grant a new trial; but the act of 1927 changed the law by providing that: "Any conviction shall not be invalidated by failure of the record to show an arraignment and plea or either of them, unless the record shall show that the defendant before the trial objected to entering upon the trial for lack of such arraignment or plea." There is no showing in the record at bar that the defendant objected to a trial without being arraigned or pleading to the indictment. Hence, appellant's contention based on want of a plea is not well taken. *Lee* v. *State* (1929), 90 Ind. App. 43, 167 N. E. 543.

It is next insisted that there is no record showing that the original indictment, original papers, and a transcript of the proceedings and orders of the court of ■ original jurisdiction were filed in the Porter Circuit Court. The record, as originally filed here, and supplemented by the clerk's return to a *certiorari* issued by this court, shows that a grand jury impaneled in the criminal court of Lake County, October 24, 1927, returned into that court an indictment charging appellant with the crime of murder in the first degree, alleged to have been commited on October 7, 1927, in Lake County. Upon appellant's application, the criminal court of Lake County ordered that the venue of the cause be changed to the Porter Circuit Court, and that the sheriff of Lake County transfer and deliver the defendant to the sheriff of Porter County, together with a certified copy of its order. It also appears from the certificate of the clerk of the criminal court of Lake County that he made a transcript of the proceedings and orders of that court in this cause, which transcript included a copy of the indictment, and, from an order-book entry of the trial court under date of December 2, 1927, it affirmatively appears that the original indictment and transcript of the proceedings in the criminal court of Lake County, together with other papers in the cause, were filed in the office of the clerk of the Porter Circuit Court. This court, in appealed causes, indulges the presumption of regularity and validity of the proceedings of the trial court, and, unless irregularity or invalidity of the proceedings below are affirmatively shown by the record on appeal to be harmful to the appealing party, the judgment below will not be disturbed. *Duncan* v. *State* (1882), 84 Ind. 204; *O'Brien* v. *State* (1890), 125 Ind. 38, 25 N. E. 137, 9 L. R. A. 323; *Rinkard* v. *State* (1901), 157 Ind. 534, 539, 62 N. E. 14; *Katzen* v. *State* (1922), 192 Ind. 476, 137 N. E. 29. While it does not appear from

the record that the sheriff of Lake County transmitted the indictment with the original papers and transcript in a sealed package and deposited the same with the clerk of Porter Circuit Court, yet the showing as to the action taken in the two mentioned courts respecting the various steps relative to the challenged jurisdiction of the Porter Circuit Court, supplemented by the presumption that the officers did their several duties in compliance with §2239 Burns 1926, are facts sufficient to meet the requirements of the law giving the Porter Circuit Court jurisdiction of the subject-matter and of the person of the defendant.

Appellant claims error of the court in refusing to give his tendered instructions Nos. 1, 2 and 3, and in giving of its own motion instruction No. 18. That appellant fired the shot that killed Albert Creske is not questioned but it is claimed that the killing was done in self-defense. Instruction No. 1 tendered by appellant and No. 18 given by the court differ only in the concluding paragraphs. The one tendered used the following language: "Ordinarily, one exercising the right of self-defense is required to act upon the instant and without time to deliberate and investigate, and under such circumstances the danger which exists only in appearance is as real and imminent as if it were actual." And, in place of the foregoing language, the court concluded its instruction with the following: "The theory of the law being that the danger which exists only in appearance is as real and imminent as if it were actual."

The court on its own motion gave the jury five other instructions bearing upon the law of self-defense, as applied to the case on trial. None of these instructions is criticised. No. 18 is challenged because it omitted the language included in appellant's tendered instruction No. 1, beginning with the word "ordinarily" and ending with the word "circumstances." The instruction ten-

dered is an exact copy of the tenth instruction given by the trial court in the case of *Smith* v. *State* (1895), 142 Ind. 288, 296, 41 N. E. 595, which was approved by this court as being complete on the law of self-defense, and especially favorable to the defendant. While we have no fault to find with that decision, yet we have reached the conclusion that the questioned instruction in the instant case is preferable to the one approved in the Smith case, for the reason that the challenged instruction at bar is not made to depend upon any uncertain contingency, or of circumstances "ordinarily" sufficient to make out a case of self-defense. It was a general instruction, incorporating therein a definition of the law of self-defense without any qualification which might tend to confuse or mislead the jury into a discussion of the question as to whether the law governing the defense of self-defense authorizes a classification to fit particular circumstances. It was not error to give instruction No. 18 and refuse appellant's tendered instruction No. 1.

It is claimed that tendered instructions Nos. 2 and 3, refused, should have been given for the reason that they would have charged "the jury upon the presumption of innocence, and its application to the rule of reasonable doubt." As we read these instructions, they are not in accord with appellant's insistence. Instruction No. 2 was pertinent to the evidence of threats made by the deceased against the defendant a few days before the homicide, as a reasonable ground for an expected attack by the decedent on the defendant, fatal to life or fraught with great bodily injury. No. 3 pertained to the evidence of good reputation on the part of the defendant, and bad reputation of the deceased for peace and quiet, and to be considered by the jury on the question of reasonable doubt. The court gave four instructions on the law of reasonable doubt, and two instructions on the certainty of proof required to overcome

the presumption of innocence surrounding a defendant prosecuted for an alleged criminal offense. Instructions Nos. 23 and 23A given by the court covered the law applicable to the evidence of prior threats as favorable to the defendant as the ones tendered by him if not more so. No error resulted from the court's refusal to give these instructions.

In conclusion, appellant, in support of his motion for a new trial, insists that the court erred by permitting Elizabeth Herceg, over his objections, to testify concerning her alleged illicit sexual relations with him, while she, with her husband, lived on appellant's farm, and which relations continued after she and her husband had separated. The objection to this testimony was that it was not material to the issue on trial; that it injected into the case a collateral issue; that it was an impeachment of the State's witness; that it was an attack upon the defendant's character before it was put in issue; that there was no showing of any relationship between the witness and the deceased which would furnish any excuse or justification for the trouble between the deceased and the defendant. The instant appeal is from a judgment rendered against the appellant upon a second trial, wherein it appears that Mrs. Herceg's testimony in chief, as a witness for the State, was materially different from that given by her at the former trial. The difference and contradictions in her testimony were developed upon cross-examination by appellant. On re-examination by the State, the court permitted the witness to explain her testimony given at a previous trial and obviously in conflict with her present statements. The explanation brought forth the circumstances and the illicit relations existing between the defendant and Mrs. Herceg at and prior to the time of the first trial. That her former statements, as to the material elements at issue, were directed and influenced by the defendant and

her anxiety to free him of the charge, for to him alone she looked for care and support. The court, at the time of admitting the evidence of Mrs. Herceg concerning her relations with the defendant, admonished the jury that this evidence was received, and could be considered by the jury, for the purpose only of testing the credibility of the witness, and for no other purpose.

Furthermore, by instruction No. 28B, the jury was expressly told by the court, in substance, that this evidence, if believed to be true, could be considered only as a circumstance to explain Mrs. Herceg's action in testifying as she did at the former trial, and as affecting her credibility as a witness in this case, and for no other purpose; that it was not admitted or introduced for the purpose of discrediting the defendant as a witness or party to this action. We must assume that the jury which tried this case was composed of jurors of average intelligence, and, if so, would understand what the court plainly told them was the object in permitting the witness to reconcile her inconsistent statements. The record clearly shows, and the jury must have known, that Mrs. Herceg's instant testimony was inconsistent with that given by her at the former trial. The contradictions in her evidence by way of impeachment were properly brought out on cross-examination. 28 R. C. L. 640, §225. It was, therefore, proper that she be given an opportunity to explain her testimony at the former trial and any apparent contradictions between it and her present testimony, and to have her explanation go to the jury as affecting her credibility as a witness. *Koehler* v. *State* (1919), 188 Ind. 387, 123 N. E. 111.

It was not error to overrule appellant's motion for a new trial.

Judgment affirmed.