## KEMPA *v.* STATE OF INDIANA.

[No. 28,018.   Filed January 30, 1945.]

*E. E. Neel,* of Newport, for appellant.

*James A. Emmert,* Attorney General, and *Frank Hamilton,* First Deputy Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

STARR, J.—An indictment in two counts was returned against appellant in Vermillion County, the first charging murder in the second degree, and the second charging manslaughter. Upon a plea of not guilty, there was a trial by jury and verdict returned finding the appellant guilty of murder in the second degree, and fixing the penalty at life imprisonment.

Appellant assigns as error the overruling of his motion in arrest of judgment and overruling of his motion for a new trial.

Appellant's grounds for arrest of judgment are, first, that each count of the indictment fails to state a public offense, and, second, that the indictment was not read to the jury before the argument began.

Appellant in his brief has wholly failed to urge or mention the first ground, as required by Rule 2-17 of this Court, 1943 Revision. We have, however, examined the indictment, and find it to be in proper form.

The second ground is not a proper cause to be assigned in arrest of judgment, for it is not within the causes provided by statute. § 9-2001, Burns' 1942 Replacement; § 2311, Baldwin's 1934; *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Tokacs* v. *State* (1930), 202 Ind. 259, 173 N. E. 453.

Appellant complains in his motion for a new trial that the State was allowed to use and read in evidence the deposition of one Dr. C. M. Zink, taken on behalf of the State, without a waiver by the appellant of his constitutional right to confront the witness. The motion to publish shows that the deposition was taken by agreement. The record further shows that there was no objection to the order publishing the same. The deposition itself shows that it was taken on behalf of the State of Indiana by agreement of the parties, pursuant to waiver of notice. Furthermore, there was no objection on the part of the appellant when said deposition was offered and read in evidence by the appellee on the trial of said cause. At the close of the reading of said deposition counsel for appellant stated in open court that he had no objections.

In *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773, this court held, "A person prosecuted for a crime may waive the rights guaranteed to him by this provision of the Constitution, and the court is called on to decide whether under the facts shown in this case appellant did or did not waive such rights." See also *Butler* v. *State* (1884), 97 Ind. 378; *Kelso* v. *Cook* (1916), 184 Ind. 173, 110 N. E. 987; *Brown* v. *State* (1941), 219 Ind. 251, 37 N. E. (2d) 73. It is our opinion, from the facts set forth, that appellant waived his right to confront this witness, as guaranteed by the Constitution of the State of Indiana, Article 1, § 13.

At the trial of this case two witnesses testified and were cross-examined by appellant at some length with reference to the possession by the defendant of a certain gun or revolver. This particular testimony of the witnesses consists of a great many questions and answers, and is interspersed with the other testimony given by them. Aside from objecting

to the offer of the revolver in evidence the appellant permitted all questions with reference thereto to be answered without objection. After the witnesses had completed their testimony appellant's counsel made the following motion: "Defendant objects to any testimony about a gun he had unless it is shown in connection with this crime, and defendant moves to strike the testimony from the record." The motion was overruled, and this ruling is assigned as error in appellant's motion for a new trial. A motion to strike out all of a witness's testimony relating to a certain fact is too general and indefinite, and there is no error in overruling same. *O'Brien* v. *Knotts* (1905), 165 Ind. 308, 75 N. E. 594. Furthermore, all of the testimony sought to be stricken was admitted without objection, so that the motion came too late. *Epperson* v. *State* (1937), 211 Ind. 237, 6 N. E. (2d) 538.

Appellant in said motion for new trial further complains of the court's refusal to give certain instructions tendered by the defendant. We have examined the instructions given by the court, and find that they cover all matters embraced in the instructions tendered by the appellant and refused by the court. There was therefore no error in refusing said instructions tendered by the appellant. *State* v. *Hamer* (1936), 211 Ind. 570, 199 N. E. 589.

Appellant further assigns as error in his motion for a new trial "That the Prosecuting Attorney in the above named cause of action failed and omitted to read the indictment to the jury and the jury was permitted to hear testimony during the trial without ever being informed of the issue they were to try owing to the fact that the Prosecuting Attorney did not at any time during the introduction of testimony read the indictment to the jury." This same ob-

jection was raised in the motion in arrest of judgment, as hereinbefore stated. The statute provides the order of proceedings in the trial of criminal cases. § 9-1805, Burns' 1942 Replacement, § 2285, Baldwin's 1934. Nowhere in that section of the statute is it required that the indictment should be read to the jury during the trial of the cause.

These being all of the objections raised by the appellant, we find no reversible error in the record.

Judgment affirmed.

Note.—Reported in 59 N. E. (2d) 934.