236 Ind. 655 (1957)
142 N.E.2d 603
PROUGH
v.
STATE OF INDIANA.
No. 29,509.
Supreme Court of Indiana.
Filed May 29, 1957.
*656 Vernon, Hartzog, Barker and Hepler, of Goshen, for appellant.
Edwin K. Steers, Attorney General and Owen S. Boling, Deputy Attorney General, for appellee.
ARTERBURN, C.J.
This action was brought by affidavit filed against the appellant in the Goshen City Court charging the appellant with driving a motor vehicle while under the influence of intoxicating liquor. Upon a jury trial a verdict of guilty was returned. Appellant appealed from this judgment to the Elkhart Circuit Court where he waived arraignment and entered a plea of not guilty. A trial was had de novo, and the Court found the defendant guilty, and entered judgment accordingly in which the appellant was fined in the sum of $37.50 and his driver's license suspended for a period of one (1) year. The appellant filed a motion for a new trial, the overruling of which is assigned as error herein. The motion contained the following specifications:
*657 1. The finding and decision of the Court is not sustained by sufficient evidence.
2. The finding and decision of the Court is contrary to law.
3. The Court erred in admitting evidence purporting to show a chemical analysis of the breath of the defendant by witnesses not qualified to testify thereon or to take a chemical analysis over the objections of the defendant.
Appellant groups all three grounds under a single argument which in substance is that there is an insufficiency of evidence to support the verdict on the ground that testimony concerning the drunkometer test was incompetent. Appellant claims that only a qualified chemist is capable of testifying concerning the chemical reactions and analysis necessary in such a test.
An examination of appellant's brief shows that he has failed to properly present this question. The motion for a new trial does not set forth the specific question or testimony to which an objection was made. Nor does it set forth the specific objection made at the time. It is well settled that on appeal this court will not review an alleged error which has not been called to the attention of the trial court first with a specific designation of the ground of objection. This court on appeal is entitled to know whether or not the trial court has been given first a well informed opportunity to correct any alleged error before an appeal is made to us. A broad objection to the evidence in general is not sufficient. We have no way of knowing what particular questions were asked, what particular objections thereto were made, and what particular answers were given thereto, without searching the record. The argument section of the brief offers us no help in this respect. No specific questions or answers are set forth *658 with the objections thereto. A statement that appellant objected to certain testimony in general "for reasons assigned" with citation to the transcript will not suffice.
Therefore, the third ground of the motion for a new trial is too general to present any question on the admission of evidence. It does not direct the Court to any specific ruling or the objection made thereto. Brown v. State (1939), 216 Ind. 106, 23 N.E.2d 267; Gernhart v. State (1954), 233 Ind. 470, 120 N.E.2d 265; Ray v. State (1954), 233 Ind. 495, 120 N.E.2d 176, 121 N.E.2d 732; Guerrettaz v. Public Service Co. of Ind. (1949), 227 Ind. 556, 87 N.E.2d 721.
On the question of the sufficiency of evidence in this case, a review most favorable to the State shows that the appellant lived at Goshen, Indiana, and was returning from his work at South Bend, Indiana, about 10:00 P.M. on May 7, 1955, in his automobile, when he was observed by a state policeman driving off the paved portion of the highway onto the gravel berm and back onto the paved portion. This occurred three times within a distance of one-half mile. At one time the car was nearly half way off the pavement on the berm. The officer stopped the appellant and talked to him. He smelled alcohol on appellant's breath. Appellant agreed to take a drunkometer test. This was given him and showed a .16 per cent blood alcohol. The test was given at 11:25 P.M.
The appellant's reaction to a finger and nose test by the officer was that he missed his nose with his finger. The officer testified that appellant's eyes were bloodshot and dilated; that appellant admitted drinking three or four bottles of beer, and that in his opinion, appellant was under the influence of intoxicating liquor at the time of his arrest.
There is evidence sufficient to support the finding of *659 guilty, and the finding and decision of the Court is not contrary to law.
Judgment is affirmed.
Achor, Bobbitt, Emmert and Landis, JJ., concur.
NOTE.  Reported in 142 N.E.2d 603.