CAPPS *v.* STATE OF INDIANA.

[No. 30,058. Filed October 19, 1961.]

*Ira C. Tilton,* of Valparaiso, and *Owen S. Boling,* of Franklin, for appellant.

*Edwin K. Steers,* Attorney General, and *Patrick D. Sullivan,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was tried and convicted of the crime of robbery and given an indeterminate sentence of not less than ten [10] years nor more than twenty-five [25] years and was disfranchised for a period of five [5] years. From this judgment he

appeals and assigns as error: first, the overruling of appellant's motion for a new trial, and the remaining assignments claim error as a result of the case being tried jointly with another cause—State of Indiana v. Clarence Scarberry, Jr., being Cause No. 2401 in the trial court.

A motion to dismiss or affirm has been filed by the State on the ground that the motion for a new trial was filed too late and that the remaining specifications in the assignment of errors were improper under Rule 2-6, as amended June 28, 1960, effective September 1, 1960, since such specifications can only be included in the motion for a new trial. The further objection is that regardless of the violation of Rule 2-6, as amended, no objections were made to the remaining specifications which claimed error by reason of the trial being held jointly with the trial of another criminal case in the same court, No. 2401.

Upon examination of the record we find a recital as follows:

"STATE OF INDIANA
          v.                                 No. 2400
BILLY RAYE CAPPS

"Comes now the defendant, in person and by counsel, Harry A. Psimos, and withdraws demand for jury trial, and waives trial by jury. On motion of the defendant, which the court now grants, this cause is now ordered tried with Cause No. 2401."

This record stands unimpeached. It shows no objections and in fact, shows a motion by the appellant for the consolidation of the trials. Although the appellant now urges that he did not make the motion for a consolidation, be that as it may, he does not deny that he made no objection thereto.

It is further argued that appellant was not advised of his constitutional rights and that he was entitled to "sole" counsel. Constitutional rights may ██ be waived, and may be waived by the defendant in the presence of counsel. The appellant appears to have raised the questions urged for the first time on appeal in this court. Such questions could very well have been presented and raised in the trial court at the time the claimed errors occurred. *Prough* v. *State* (1957), 236 Ind. 655, 142 N. E. 2d 603; *Pivak* v. *State* (1931), 202 Ind. 417, 175 N. E. 278; 74 A. L. R. 406; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

We come next to the question of the lateness of the filing of the motion for a new trial. Burns' §9-1903, 1956 Repl., requires specifically that a new trial "shall be in writing and must be filed within thirty [30] days from the date of the verdict or finding; . . ."

The record shows the court found the appellant guilty on March 18, 1959. That finding, however, omitted any statement by the court therein as to the age of the appellant in accordance with Burns' §9-1820, 1956 Repl., which provides as follows:

"In all cases of felony tried hereafter, before any court or jury in this state, if the court or jury find the person on trial guilty of a felony, it shall be the duty of such court or jury to further find and state whether or not the defendant is over sixteen [16] years of age and less than thirty [30] years of age. If such defendant be found to be between said ages and be not guilty of treason or murder in the first or second degree, it shall only be stated in the finding of the court or the verdict of the jury that the defendant is guilty of the crime charged, naming it, and that his age is that found to be his true age, and the court trying such person, if such person has passed the full age of twenty-one [21] but has not

passed the full age of thirty [30] years, and has not been theretofore convicted of a felony, the court shall sentence such person to the custody of the board of trustees of the Indiana Reformatory, etc. . . ."

On March 25, 1959 the court made the further finding fixing the age of the appellant as follows:

"The Court . . . now finds that the true age of the defendant is 24 years and the Court further finds that the defendant should be sentenced to the Custody and control of the Superintendent of the Indiana Reformatory, to be confined at the Indiana Reformatory for an indeterminate period of not less than (10) years nor more than twenty-five (25) years and, accordingly, defendant should be confined therein for such indeterminate period . . . The court further finds that the defendant shall be disfranchised and rendered incapable of holding any office of public trust or profit for five (5) years."

The appellant filed his motion for a new trial on April 24, which was thirty-seven days after the original finding of guilty, but less than thirty days after the subsequent court record finding of age and sentencing. The question then presented is: which was the "finding" referred to in the statute fixing a thirty-day limit within which a motion for a new trial must be filed?

We have had a similar question before this court in *Watson* v. *State* (1957), 236 Ind. 329, 140 N. E. 2d 109. In that case the appellant was charged with armed robbery, as distinguished from common robbery, as in the case before us. We there decided that the age was an essential element of the crime of armed robbery, since it was fixed in the statute defining the crime. We distinguished such a case from the cases where an indeterminate sentence, as in the present case, merely requires the court to determine

the age for the purpose of fixing the place where the defendant shall serve his sentence. We stated: (pp. 332, 333)

> "We have held in connection with the application of the indeterminate sentence statute, that failure to prove the age of the defendant found guilty was not grounds for reversal since the age was not an essential element of the crime charged. The age was important only for the purpose of determining at what place the sentence should be served, and the court may advise itself as to such facts, if necessary, from outside sources. The defendant in such a case may not object to a place of confinement unless he offered to prove his age. (Cases cited)"

In *Dennison* v. *State* (1925), 197 Ind. 663, 151 N. E. 722, 723, we stated: (pp. 668, 669)

> "It is claimed by appellant Dennison that the verdict is contrary to law because the jury found his age to be twenty-eight years, and the only evidence in the record as to the age of said defendant Dennison was his own testimony that he was thirty-four years of age. There is no merit in appellant's contention. The age of the defendant in a prosecution for felony is not one of the facts charged in the indictment or information. It had nothing to do with the question of the guilt or innocence of the defendant. It is important only with reference to the place in which the defendant shall be confined during the term of his imprisonment. On this point, the verdict or finding of the jury is advisory only, and any error made by the jury may be corrected by the board of managers, with the consent of the Governor, and the prisoner transferred to the proper institution. (Cases cited)"

It therefore appears that the motion for a new trial was not filed within thirty days after the finding of guilty in this case; that there was nothing defective in the finding as originally made on

March 18, 1959. *Blanton* v. *State* (1955), 234 Ind. 142, 124 N. E. 2d 382; *Murley* v. *State* (1960), 240 Ind. 655, 168 N. E. 2d 205; *Sutton* v. *State* (1960), 240 Ind. 512, 166 N. E. 2d 651.

Therefore, the specifications of error in the motion for a new trial are not before us on appeal.

The judgment is affirmed.

Landis, C. J., Achor, Bobbitt, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 177 N. E. 2d 457.