State vs. Ferguson.

No. 129.

THE STATE OF LOUISIANA VS. ROBERT FERGUSON.

It is not necessary, to support a prosecution for forgery or falsely uttering, that the instrument purporting to be forged should be perfect in its resemblance to the kind it was designed to represent. It is sufficient that it was calculated to deceive.

Thus an order addressed to a merchant in these words: "Please let George have sixteen dollars worth, and charge the same to Mr. George Garrett;" held sufficient.

APPEAL from the Third District Court, Parish of Claiborne. Graham J.

A. Barksdale, District Attorney, for the State, Appellee.

E. H. McClendon and J. S. Young for Defendant and Appellant.

The opinion of the Court was delivered by .

TODD, J.    The defendant was indicted for forging an order, and for uttering the same, in two counts; was convicted on the last count and sentenced to two years imprisonment at hard labor and has appealed. . The order was as follows:

"HOMER, LA., March 17, 1883.

"Mr. G. G. Gill: Dear Sir—Please let George have sixteen dollars worth and charge the same to Mr. George Garrett."

There was a motion to quash the indictment upon the ground, substantially, that the said order was void on its face and could not therefore serve as the foundation of a prosecution for forgery.

This motion was overruled, and this ruling is charged as error, and relied on solely for a reversal of the sentence.

The law on the subject is this: It is not necessary that the instrument, whether a promissory note, bill of exchange, order, or other instrument should be perfect; it is sufficient if it bear such a resemblance to the document it is intended to represent as is calculated to deceive. Roscoe Criminal Evidence, 7th Ed. 545; 1 Bishop, 3d Ed. Sections 748, 749.

In this instance the order may be informal in not having the signature of George Garrett at the foot of the instrument and having "Mr." before his name. Notwithstanding such informality, however, there is no question but that, if the instrument were genuine, that is, written by George Garrett, the reputed drawer, in his own handwriting, and the money or goods delivered, he could have been made liable for them.    It is not sacramental that the drawer should place his signature at the foot of the instrument or below the body of it, as ordinarily

done, to bind him, and the prefix of "Mr." could in no way affect the question of his liability.

Under this view of the case the instrument was legally sufficient, as a basis for the prosecution, and the motion to quash properly overruled.

Judgment affirmed.