No. 12,680.

## GARMIRE v. THE STATE.

CRIMINAL LAW.—*Forgery.*—A forged instrument reading, "Mr. Allen—Please let A. Garmire have team to go to Mongo, and charge same to me." (signed) "T. Hudson," is within the statute defining the crime of forgery. *State* v. *Cook,* 52 Ind. 574, doubted.

SAME.—It is sufficient in such cases if the instrument bears such a resemblance to the document it is intended to represent as is calculated to deceive.

SAME.—*Indictment.—Mistake in Designating Character of Instrument.*—Where an instrument is set forth, a mistake of the pleader in designating its character does not vitiate the indictment.

SAME.—*Statement of Intent.*—An allegation in the indictment, that the instrument was forged and uttered with the "felonious intent to feloniously cheat and defraud," etc., is a sufficient statement of the criminal intent.

SAME.—*Erroneous Date of Instrument.—Statute of Limitations.*—One who has forged a written instrument can not avail himself of the fact that a wrong date was prefixed thereto, but the true date, showing that the statute of limitations has not run, may be alleged in the indictment.

SAME.—*Witnesses.—Expert.—Statute.*—Section 1801, R. S. 1881, refers to expert witnesses, and does not apply to a case where the witnesses testify as to facts within their own knowledge.

From the LaGrange Circuit Court.

*O. L. Ballard* and *H. G. Zimmerman,* for appellant.

*F. T. Hord,* Attorney General, *F. D. Merritt,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ELLIOTT, J.—There are two counts in the indictment upon which the appellant was convicted; one charges the forgery of the instrument of writing set forth, and the other charges the appellant with feloniously uttering the forged instrument. The instrument reads thus:

"LaGrange, June 19th, 1881.

"Mr. Allen—Please let A. Garmire have team to go to Mongo, and charge same to me. T. Hudson."

We regard this instrument as within the provisions of our statute defining the crime of forgery, for we think it is not merely a request for the delivery of property, but that it is a

writing obligatory promising to pay for property. The hire of the team was property of value to Allen, and the instrument purports to contain a promise to pay the hire. Such a promise is clearly implied in the clause, "and charge same to me," for it would be unreasonable to assert that where a person asks that the value of property furnished on his order be charged against him, he intends that the charge shall be a mere idle and senseless form. We do not understand the case of *State* v. *Cook*, 52 Ind. 574, to decide that the forgery of such an instrument as the one set out in the indictment before us is not within our statute; on the contrary, we understand that case to decide, that where proper extrinsic facts are alleged, an indictment founded on such an instrument will be good. We need not critically examine the statements found in the opinion in that case to ascertain whether they do, or do not, correctly state the law, for we are only bound to regard as authoritative the conclusion reached and announced. It is not improper, however, to say that many of the statements contained in that opinion are of doubtful soundness, and the entire opinion so inharmonious and inconsistent as to make the case one of questionable authority. The very decided weight of authority sustains the view we have taken of the character of the instrument set forth in the indictment. *United States* v. *Book*, 2 Cranch C. C. 294; *United States* v. *Brown*, 3 Cranch C. C. 268; *State* v. *Morgan*, 35 La. Ann. 293; *State* v. *Ferguson*, 35 La. Ann. 1042; *Anderson* v. *State*, 65 Ala. 553; *Burke* v. *State*, 66 Ga. 157; *Peete* v. *State*, 2 Lea (Tenn.) 513; *State* v. *Keeter*, 80 N. C. 472; *People* v. *Shaw*, 5 Johns. 236; *Commonwealth* v. *Fisher*, 17 Mass. 46.

The rule unquestionably is, that the indictment must show that the instrument is one having some legal effect, but it is not necessary that it should be shown to be a perfect instrument. 2 Bishop Crim. Law, section 536; *Reed* v. *State*, 28 Ind. 396. An instrument such as the one before us is one of legal efficacy, for it purports to create a pecuniary obliga-

tion against the person whose signature is forged.   *Anderson* v. *State, supra.*

Where an instrument is set forth, a mistake of the pleader in designating its character does not vitiate the indictment. *Harding* v. *State,* 54 Ind. 359; *Powers* v. *State,* 87 Ind. 97; *Myers* v. *State,* 101 Ind. 379.

The indictment alleges that the instrument was forged and uttered with the "felonious intent to feloniously cheat and defraud the said Aaron W. Allen." This is a sufficient statement of the criminal intent, although there is a useless repetition of epithets.   In this class of cases, " all that need be done is to characterize by appropriate words the intent essential to the existence of the particular offence charged." *State* v. *Miller,* 98 Ind. 70.

We think that the indictment does show that the instrument set forth purported to be signed by Timothy Hudson. It is not necessary to employ the exact words of the statute, for it is well settled that it is sufficient if equivalent terms are used.   *State* v. *Miller, supra.*

The objection based upon the fact that the date of the instrument appears to be June 19th, 1881, is without merit. The indictment explicitly charges that it was forged and uttered on the 19th day of June, 1885, and this shows that the statute of limitations has not run.   A forger can not escape punishment by prefixing a wrong date to the instrument which he forges.   It would be a reproach to the law if it permitted one who forges an instrument for the felonious purpose of defrauding another to go acquit upon the ground that the date prefixed to the instrument was not the true one.   It is sufficient in such cases as this, if the instrument " bears such a resemblance to the document it is intended to represent as is calculated to deceive." *State* v. *Ferguson, supra.*   Roscoe Crim Ev. (7th ed.) 545.

One who intends to commit a felony, and succeeds in accomplishing his evil purpose, can not escape the consequences of his crime by denouncing as stupid the man who trusted

him. Nor can he be heard to aver that if the man whom he intended to defraud, and whom he did defraud, had been more vigilant, the crime could not have been perpetrated. Felons can not escape punishment upon the ground that the person whom they deliberately set to work to wrong was lacking in care and vigilance.

Section 1801, R. S. 1881, refers to expert witnesses, and does not apply to a case where the witnesses testify as to facts within their own knowledge. That section, although not very happily worded, applies to cases where the witnesses testify as to matters of opinion, and not to cases where they testify as to matters of fact.

We can not disturb the verdict upon the evidence. Judgment affirmed.

Filed Jan. 5, 1886.