Edward Gr. Baker, J.
Plaintiffs, copartners engaged in the embroidering and trimming of garments op a contract basis *745 for various manufacturers, and engaged in commerce within the meaning of the National Labor Relations Act, sue to enjoin picketing of their plant by the defendant union.
The picketing commenced in August, 1953 following various conferences among plaintiffs and representatives of the union. It continued until June, 1954 when an injunction pendente lite was issued at Special Term. The proof adduced at the trial indicates that there was more than sufficient basis for the temporary order. The truth of most of the charges made in the affidavits submitted in support of plaintiffs’ application has been clearly shown. At its inception the picketing was carried on by approximately 25 women. It was boisterous and disorderly. Plaintiffs’ employees were threatened and subjected to abusive and vile language. There were various incidents of physical violence. Upon the complaint of one of the employees the union delegate was convicted of assault. During the course of the picketing the employees were compelled, for their own safety, to travel to and from work in groups. To assure their safety plaintiffs made provision for their transportation to and from the plant.
Ultimately, the number of pickets was reduced to four or five and their conduct became less intemperate. However, the credible proof compels the conclusion that the purpose of the picketing was not, as the union claims, organizational, but was, rather, coercive and for an illegal objective, namely, to compel the employers to enter into a closed shop contract without regard to the wishes of the employees, and to coerce the employees as well into joining the union.
This court, however, is without jurisdiction to grant the relief sought. In obedience to the mandate of the temporary order, picketing was discontinued more than two years ago and has not since been resumed. Upon the proof submitted, and in view of the lapse of time, it cannot be said that peaceful picketing will hereafter be unlikely (cf. Drivers Union v. Meadowmoor Co., 312 U. S. 287), and, in the absence of a finding that peaceful and orderly picketing is out of the question, this court is powerless to continue the restraint (Mays Furs & Ready-to-Wear v. Bauer, 282 N. Y. 331; Baillis v. Fuchs, 283 N. Y. 133).
The activities of the union, as alleged in the complaint and established by the proof, constitute unfair labor practices under the National Labor Relations Act (U. S. Code, tit. 29, § 158, subd. [b], par. [1], cl. [A]; subd. [b], par. [2]).
In Garner v. Teamsters Union (346 U. S. 485) and Weber v. Anheuser-Busch, Inc. (348 U. S. 468) it was held that a State *746 may not enjoin under its own labor statute conduct which has been made an unfair labor practice under the Federal statutes. In the Garner case, as here, the unfair labor practice alleged and proved was coercion upon the employers to compel or influence their employees to join the union. Exclusive primary jurisdiction to pass on the union’s picketing is vested by the statute in the National Labor Relations Board. This court has no 'alternative, under the decisions of the United States Supreme Court, cited above, but to direct judgment for defendants dismissing the complaint.
Judgment is directed accordingly.