Reid S. Moule, J.
Appeal from a judgment of conviction in the City Court of Buffalo [Casimir T. Partyka, J.] under subdivision 8 of section 14 of the Vehicle and Traffic Law (overloading of truck).
The first question raised on this appeal concerns the sufficiency of evidence on the accuracy of the scales. Proof on this point was offered by a State Inspector of Weights and Measures, who had served in that capacity for over 20 years. He testified that he had tested the scales used to weigh defendant’s truck three and one-half months prior to and four days after the day on which defendant’s truck was weighed and found them to be correct on both dates.
While it has been held that a failure to test scales used to weigh vehicles for 12 months would not support a conviction (People v. Dazi, 14 Misc 2d 744 [1957]) yet tests made seven or eight months prior to date of violation were sufficient to support a conviction (People v. Fortino, 14 Misc 2d 725 [1958]). Also, in People v. Macomb (9 Misc 2d 1027 [1958]) tests held two months before the alleged violation were held sufficient.
People v. Haezlton (169 N. Y. S. 2d 490 [1957]) relied upon by defendant-appellant, is distinguishable because proof was offered by the defendant in that case to show that severe, rough usage of the scales could have affected their accuracy as well as the uneven roadbed. In the instant case, no proof of any nature was offered to question the accuracy of the scales used. Further, the State Inspector testified that he had tested scales of this type since 1937 and never found one in error. This would indicate that the scales were of a nature that did not easily lose their accuracy. The court holds that the proof on this point offered by the People is sufficient.
The second question concerns failure of the People to prove knowledge on the part of the defendant operator of the truck as to the weight of the load.
The statute does not require knowledge of overweight on the part of the driver and is “ malum prohibitum ” in nature.
In People v. Matessino (15 Misc 2d 7, 9-10 [1958]) in which the same question was raised, the court stated: “ It is fair construction of the verbiage of the statute that the operation of an overloaded vehicle is a malum prohibitum, not requiring a specific intent or knowledge (Hornstein v. Paramount Pictures, *65 37 N. Y. S. 2d 404, affd. 266 App. Div. 659, affd. 292 N. Y. 468; People v. Mishkin, 170 Misc. 889, affd. 281 N. Y. 765). The proof of knowledge seems plainly to be required only in case of an an owner or employer not operating the vehicle. This construction of the statute is confirmed by People v. Rodenbach, (204 Misc. 905, affd. 307 N. Y. 614), where the view that knowledge of the operator must be shown was advanced to the Court of Appeals, and the conviction of the operator was nevertheless sustained.”
The court holds that proof of knowledge on the part of the driver is not required. Judgment of conviction affirmed.