Thomas P. Parley, J.
Motion for a temporary injunction restraining defendants from picketing Zorn’s Poultry Farms at Bethpage, Nassau County, New York.
Plaintiff for the past 21 years has operated the business known as Zorn’s Poultry Farms. He has approximately 17 employees who are not represented by any union nor are any of them members of the defendant union. According to the plaintiff, representatives of the union approached bim early in November, 1961 requesting recognition of the union as bargaining agent for his employees. After the plaintiff refused the request, picketing started on November 18, 1961. It is not contended that any violence accompanied the picketing before it was restrained a day later by the stay contained in the order to show cause issued on November 18, 1961.
Defendants deny that they requested the plaintiff to sign a contract with the union but contend that their interest was and *970 is to peacefully picket plaintiff’s premises for the purpose of organizing the employees — to induce them to become members of the union and to derive the benefits which union members have received.
In paragraph “ Tenth ” of the complaint reference is made to possible proceedings before the National Labor Relations Board and in the affidavit, dated November 18, 1961, of Peter Zorn it is averred: ‘ ‘ That your deponent will present this matter to the National Labor Relations Board on Monday, November 20, 1961, and will request that said Board conduct an immediate election among my employees as to whether or not Local 662 is a proper and legal bargaining representative on their behalf ”. From this statement it may be concluded that the plaintiff is engaged in interstate commerce.
Recently it was held by the Court of Appeals (Dooley v. Anton, 8 N Y 2d 91) that wherever an unfair labor practice is involved of which the National Labor Relations Board may have jurisdiction, the State courts should decline to act until the board decides that issue in the first instance. By that decision, prior opinions of the Court of Appeals (Pleasant Val. Packing Co. v. Talarico, 5 N Y 2d 40; Goodwins, Inc., v. Hagedorn, 303 N. Y. 300) must be regarded as no longer controlling.
It would appear from a reading of section 158 of title 29 of the United States Code that the activity of which complaint is made in the instant case is subject to the jurisdiction of the National Labor Relations Board (see Davis v. Silverberg, 14 Misc 2d 744; San Diego Unions v. Garmon, 359 U. S. 236; Compton v. Local 346, International Leather Goods Union, 184 F. Supp. 210). Accordingly, the injunctive relief requested must be denied and the stay contained in the order to show cause is vacated.