CHAMBERS; GRIFFITH *v*. STATE OF INDIANA.

[No. 30,690. Filed April 12, 1966. Rehearing denied June 9, 1966.]

*Paul W. Kelley, Vincent Kelley,* and *Kelley, Arnold & Kelley,* of Anderson, for appellants.

*John J. Dillon,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

RAKESTRAW, J.—The appellants, together with several others were charged by affidavits with contributing to the delinquency of a minor. The pertinent part of each affidavit reads as follows: ". . . an adult person over the age of twenty-one (21) years, did contribute to the delinquency of a minor, to-wit: Carol Pike, aged sixteen (16) years, by then and there inducing said female child to participate in sexual relations with him, . . ."

Apparently by agreement, several of the cases were consolidated for trial to the court. None of the defendants testified, and the evidence was uncontradicted and must be accepted by us as true. It disclosed that the appellants with the other defendants rented a house in the country. From time to time two girls who testified at the trial were taken to the house. The principal activities at the house were apparently drinking and sexual intercourse. Without reciting the details in the record, it is sufficient to state that there is testimony that the girl named in the affidavit had sexual intercourse with each of the appellants at the place in question. Each of the appellants was found guilty and sentenced to 180 days in the Madison County jail and given a $500 fine.

On appeal, the appellants urge that it was error to deny their separate motions for withdrawal of the consolidation of the cases. While the record does not disclose fully how the cases were first consolidated, it appears that they were consolidated by agreement of the parties. The request for the withdrawal of consolidation was made during the course of the trial incidental to some objections to some of the testimony. In view of the fact that no question was raised prior to the trial as to the consolidation of the cases, and in view of the fact that the case was being tried

before a court and not a jury, we see no error in refusing their motions to withdraw the consolidation. Any question as to the propriety of such consolidation should have been raised prior to the trial.

The appellants next urge that it was not established that either of them subjectively knew that the girl involved was under 18 years of age. A sufficient answer to this contention is the fact that there was testimony that each of the girls told their correct ages in the presence of both of the appellants. This testimony was not contradicted.

Next, each of the appellants urge that it was error to admit State's Exhibit A which was a statement given by the appellant David Griffith. In their brief, it is urged that it was error to admit the statement because it was given without the appellant, David Griffith, having had the opportunity to consult with counsel. There was no motion to supress the statement. The transcript does not reveal all the details as to the taking of the statement. There is some testimony that he was informed of his rights.

However, a review of the transcript shows that the only objections made by the appellant David Griffith to the statement were that "since he is right here in this courtroom, his statement would be a conclusion. I don't believe that can be incorporated in this trial and is not admissible." The objection made for the appellant Jeffrey Chambers is as follows: "I believe this statement is based on what somebody told him." Neither objection raises any question. The record does not disclose any irregularity in the statement or in the manner in which it was obtained. However, even if there were such error, it has been waived, since there was no objection raising any valid ground for excluding the statement.

Finally, the appellants maintain that the judgment should be overturned because the affidavits were not sufficient in that

they did not charge knowledge on the part of each of the appellants. This question is apparently raised for the first time in this court. There was no motion to quash in the court below, nor was there any motion in arrest of judgment. Neither of the motions for new trial contains any reference to this contention. A matter cannot be raised for the first time on appeal to this court. *Lowery* v. *State* (1925), 196 Ind. 316, 148 N. E. 197; *King* v. *State* (1921), 191 Ind. 306, 132 N. E. 628.

These charges were brought under Burns' Ind. Stat. Anno. § 10-812 (1956 Repl.), which reads as follows:

"It shall be unlawful for any person to cause or encourage any boy under the full age of eighteen [18] years, or any girl under the full age of eighteen [18] years, to commit any act which would cause such boy or girl to become delinquent child as defined by the laws of this state;

Or for any person to send or cause to be sent, any such boy or girl, or permit any such boy or girl to enter or remain in, any house of prostitution, or any policy shop, or gambling place, or any such pool room or bucket shop, knowing them to be such;

Or for any person to knowingly encourage or contribute to or in any way cause any such boy or girl to violate any law of this state or ordinance of any city;

Or for any person to knowingly encourage or contribute to or in any way cause any such boy or girl to be guilty of any vicious or immoral conduct;

Or for any person by any continued negligence or wilful act, to encourage, or cause any such boy or girl to become a delinquent child as defined by the law of this state;

And, any person so offending shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not to exceed five hundred dollars [$500] to which may be added imprisonment in the county jail for a term not to exceed six [6] months." Acts 1945, ch. 218, § 1, p. 1011.

It will be noted that the statute has five clauses, any one of which are sufficient to constitute the offense. In three of the five clauses, there is no requirement of knowledge. Hence it is far from certain, had the issue been raised in the proper

manner by motion to quash or motion in arrest of judgment, that knowledge of age is a requirement which must be alleged.

In any event, it appears from the uncontradicted evidence that both of the appellants had knowledge that the girl involved was under the age of 18 years.

Since we find no error, the judgments of the trial court are affirmed.

Myers, C. J., Arterburn & Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 215 N. E. 2d 544.