120 N.J. Super. 203 (1972)
293 A.2d 676
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT
v.
JOHN J. HORN, SR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 11, 1972.
Decided July 20, 1972.
*205 Before Judges LEWIS, LABRECQUE and FRITZ.
Mr. Thaddeus C. Raczkowski argued the cause for appellant (Messrs. Sailer, Fleming & Raczkowski, attorneys).
Mr. Anthony J. Pace, Assistant Prosecutor, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
PER CURIAM.
Defendant appeals from a judgment of the Bergen County Court finding him guilty of violation of N.J.S.A. 39:4-75. The background facts are set forth in the opinion of the County Court, 117 N.J. Super. at 74-75, and need not be repeated.
The summons to defendant for operating his alleged 56,000 lb. tractor-trailer combination over Bergen County's Ferry Street Bridge (which was posted for 15 tons or 30,000 lbs.) was made returnable in the Bergen County District Court where, after a trial in which defendant adduced no evidence, judgment was entered finding him guilty and imposing a fine of $50 and $5 costs.
On appeal to the County Court, after a hearing on the basis of a transcript of the trial in the District Court, the trial judge ordered a plenary trial de novo, assertedly "so that both parties would have an opportunity to present a complete record in view of the important issues raised on this appeal." Again defendant adduced no proof and at the conclusion of the testimony the defendant was again adjudged guilty and sentenced to pay a fine of $100 plus $25 costs. The present appeal followed.
Initially we consider defendant's contention that the County Court was in error in ordering a de novo plenary trial. R. 3:23-8(a) provides, in pertinent part, that:
If a verbatim record or sound recording was made pursuant to R. 7:4-5 in the court from which the appeal is taken, the original transcript thereof duly certified as correct shall be filed by the appellant with the county clerk, and a certified copy served on the *206 prosecuting attorney within 10 days after the filing of the notice of appeal or within such extension of time as the court permits. In such cases the trial of the appeal shall be heard de novo on the record unless by reason of the application of subsection (c) hereof it shall appear that the rights of either party may be prejudiced, in which event there shall be a plenary trial de novo.
We are in accord with defendant's contention that since a taped record of the proceedings in the District Court had been made and was transcribed and filed with the county clerk, the appeal should have been heard de novo on that record. There was neither proof nor finding of any application of subsection (c) of R. 3:23-8 which would have justified a plenary trial de novo.
We note that at the hearing in the County Court the court indicated that it was prepared to dispose of the appeal on the record below. While normally we would remand to the County Court for that purpose, we conclude that, since the record is before us, the interest of justice will best be served by the exercise of our original jurisdiction and the disposition of the appeal on the merits without further delay. R. 2:10-5. Cf. Huster v. Huster, 64 N.J. Super. 29, 34 (App. Div. 1960); Hughes v. Knight, 33 N.J. Super. 519, 525 (App. Div. 1955).
Defendant first challenges the authority of the Bergen County Police to stop and weigh the vehicle being driven by him or to issue a summons for his alleged violation of N.J.S.A. 39:4-75. We find this contention to be without merit, substantially for the reasons set forth in the opinion of the County Court, 117 N.J. Super. at 76-81. Defendant's argument that no useful purpose would be served by extending enforcement authority to county police officers is belied by the fact, among others, that a county is chargeable under the Bridge Act, N.J.S.A. 27:19-1 et seq., with the repair and maintenance of many bridges within its borders and that one of the recognized sources of damage to such bridges is the operation of vehicles over them which exceed their posted load limits. In the light of the specific *207 grant of authority to county police to enforce the provisions of Title 39 found in N.J.S.A. 39:5-1 and N.J.S.A. 40:22-5 (now 40A:14-107), it would be incongruous to hold that county policemen are without power to compel adherence to load restrictions on county bridges.
We reject the suggestion that the grant of such law enforcement authority to the Bergen County Police would create an unconstitutional burden upon interstate commerce. Cf. Maurer v. Hamilton, 309 U.S. 598, 603-606, 60 S.Ct. 726, 84 L.Ed. 969 (1939); South Carolina State Highway Dept. v. Barnwell Bros., 303 U.S. 177, 187, 58 S.Ct. 510, 82 L.Ed. 734 (1938); Sproles v. Binford, 286 U.S. 374, 52 S.Ct. 581, 76 L.Ed. 1167 (1932).
In pursuance to our fact-finding authority, R. 2:10-5, we have reviewed the record made in the District Court and conclude therefrom that defendant was stopped and his tractor-trailer weighed in the manner set forth in the reported opinion of the judge of the County Court. The total of all the recorded axle weights was 56,220 lbs., 26,220 lbs. in excess of the bridge's posted limit.
Loadometers are in widespread use by law enforcement agencies throughout the country and are a relatively simple and accurate means of determining vehicle weight. Officer Saccente, who testified, was qualified by training and certification to conduct the weighing. The operation of the loadometers in the manner described by him was proper. They were required to be tested annually and here they had been tested and their calibrations checked on March 19, 1971 (the offense took place on April 8, 1971). The fact that there was a difference of some 2,000 lbs. between the axle weight on one side of the vehicle and that on the opposite side does not vitiate the results of the weighing in view of the uncontradicted testimony that a slight beveling of the road surface where the weighing took place would tend to throw more of the weight on one side. The absence of a reading for one axle due to lack of an outside wheel was a factor in defendant's favor.
*208 By reason of the foregoing we are convinced beyond a reasonable doubt that defendant violated N.J.S.A. 39:4-75 at the time and place in question, and we so find.
We are in accord with defendant's contention that he was improperly sentenced. His fine should not have exceeded that meted out to him in the District Court. State v. De Bonis, 58 N.J. 182, 188-189 (1971). His sentence is accordingly modified to call for a fine of $50 and $25 costs.
Defendant's conviction and his sentence, as modified, are affirmed.