DONALD R. HOLLARS *v*. STATE OF INDIANA.

[No. 970S217. Filed August 21, 1972.]

*C. Richard Marshall, Goltra, Cline & King,* of Columbus, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Smith,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of the crime of Forgery under 1956 Repl. Burns Ind. Stat. Ann. § 10-2102, Acts of 1905, Ch. 169, § 676, IC 1971, 35-1-124-1. He was sentenced to imprisonment for not less than two nor more than fourteen years and fined $10.00, upon a verdict which found him guilty of the offense of forgery, fixed a fine of $10.00 but made no provision for

imprisonment and did not find his age. His appeal presents the following alleged errors for determination:

1. Admission into evidence of a sample of the defendant's handwriting, over his objection that it had been given without benefit of warnings concerning his constitutional rights.

2. Form of verdict, in that it (a) did not find the defendant's age, (b) fixed a fine, and (c) in the alternative, fixed only a fine of $10.00 and did not provide for imprisonment.

3. Denial of motion for directed verdict which was predicated upon the grounds that the State failed to comply with the requirements of 1956 Repl. Burns Ind. Stat. Ann. § 9-1606, Acts of 1905, Ch. 169, § 238, IC 1971 35-1-31-4, requiring that the fact of the genuineness of written instruments, except in certain cases be proved by at least three witnesses.

4. Misconduct of the prosecuting attorney in asking a State's witness, upon re-direct examination, if he knew why the defendant severed his employment with the concern by which he was employed at the time the offense was committed and in subsequently asking the defendant, upon cross examination, what had occasioned him to leave such employment.

5. Unconstitutionality of the forgery statute as being in violation of the cruel and unusual punishment proscriptions of the state and federal constitutions.

The defendant was employed as co-manager of a food market. A customer, Mrs. Fiesbeck, inadvertently left her checkbook at the store "check out" counter operated by a Mrs. Gordon, who promptly delivered it to the defendant. Approximately one week later, Mr. and Mrs. Fiesbeck received their monthly bank statement and cancelled checks relative to their joint account, which was the account pertaining to the misplaced checkbook. While examining the statement and cancelled checks, they discovered a cancelled check made payable to the food market for $60.00 purporting to have been signed by Mr. Fiesbeck but which neither of them had either signed or authorized. In response to the request of the police that all employees of the store give handwriting samples for their assistance in detecting the forger, the de-

fendant voluntarily gave a sample of his handwriting, and it was from this sample that a handwriting expert identified the defendant as the one who forged the check. The officer taking the sample did not advise the defendant of his constitutional rights against self incrimination nor of his right to counsel prior to taking the sample, although he did advise the defendant that all employees of the store were under suspicion and that giving the sample was voluntary.

(1) The 5th Amendment privilege against self incrimination has been held to reach only compulsion of the accused's communications and responses which are also communications, that is evidence in the form of testimony or that which is testimonial in character. It does not shield against compulsory submission to tests that are merely physical or produce evidence that is only physical in nature, such as fingerprints, measurements, voice or handwriting exemplars, or physical characteristics or abilities. *Schmerber* v. *California* (1966), 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908; *Gilbert* v. *California* (1967), 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178; *Heichelbech* v. *State* (1972), 258 Ind. 334, 281 N. E. 2d 102.

With reference to the 6th Amendment right to counsel claim, it was held in *Gilbert* v. *California, supra,* that although the appellant was in custody, the taking of the handwriting exemplar was not a "critical" stage of the criminal proceedings entitling him to counsel in view of the minimal risk that the absence of counsel might derogate from his right to a fair trial.

(2) That the jury failed to find the age of the defendant in no way affects the validity of the verdict of guilty. The purpose of 1956 Repl. Burns Ind. Stat. Ann. § 9-1820, Acts 1927, Ch. 200, § 2, IC 1971, 35-8-2-2, which provides for the jury to find the age of defendants found guilty of felony, is to enable the court to sentence the defendant to the proper institution. The sentencing was to the Indiana

Reformatory which, under the statutes and the uncontroverted evidence of the defendant's age, is the proper institution. Nor is the defendant claiming that he has been harmed in any way by the error. Clearly, the error was harmless. *Watson* v. *State* (1957), 236 Ind. 329, 140 N. E. 2d 109; *Capps* v. *State* (1961), 242 Ind. 165, 177 N. E. 2d 457. Further, the instruction regarding the form of verdict was given without objection and made no provision for a finding as to the age.

Relying upon 1956 Repl. Burns Ind. Stat. Ann. § 9-1819, Acts of 1927, Ch. 200, § 1, IC 1971, 35-8-2-1, the defendant challenges the right of the jury to fix a fine. The statute is as follows:

> "Verdict—Assessment of fine or punishment.—When the defendant is found guilty the jury, except in the cases provided for, in the next three [two] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; where the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted."

Apparently, the defendant misconstrues the statute to mean that none of the provisions of § 9-1819 will be in effect if the case falls within the purview of either § 9-1820 or § 9-1821. However, these last two sections, generally known as the "indeterminate sentences' act," are concerned with but two things, i.e. making indeterminate, in certain cases, sentences that would otherwise be determinate and in fixing the institutions at which sentences will be served. There is nothing in either section providing for the fixing of *fines*, or in any way relating thereto. From this, it is apparent that these two sections are intended to limit only the right of the jury (and of the court in cases tried before the court) to fix the term of imprisonment. They do not operate to take away such rights and duties as the jury may otherwise have to assess *fines*. Defendant has cited us to *Powell* v. *State* (1968), 250 Ind. 663, 237 N. E. 2d 95 upon this point. In that case, we held only that the *punish-*

*ment* was to be fixed by the court and not by the jury. It will be noted that the question of a *fine* was not involved, as none was levied. Also, both the words *fine* and *punishment* are used conjunctively in the statute, and it is obvious that within the context of the act, the word *punishment* refers to imprisonment.

Defendant maintains, in the alternative to his proposition last above disposed of, that if the jury verdict is allowed to stand, the only penalty he is subject to is the $10.00 fine assessed. This presupposes that the statute requires that either the jury or the court fix the entire penalty, which clearly is not the effect of the statutes. The fine lies within the discretion of the jury and is to be determined by it. The term of imprisonment is fixed by statute. Neither the court nor the jury has any discretion in the matter, but the court must pronounce it.

To further dispose of the defendant's allegations of error with respect to the verdict, we must point out the following from *Powell* v. *State, supra:*

> "It is to be noted that the attorney for the appellant made no objection to the instruction given by the court concerning the appropriate verdict. Nor did the appellant, through his attorney, make any objection to the sentence rendered by the court; nor was there any motion made to correct the verdict before the jury was dismissed." 250 Ind. at 669.

The statement is applicable in its entirety to the case at bar.

(3) The defendant's motion for a directed verdict was properly overruled. The statute relied upon by the defendant does not require a forgery to be proven by three witnesses, expert or lay. The statute is applicable only in instances where there is an attempt to prove the genuineness of an instrument by opinion evidence alone. If we were to adopt the defendant's argument upon this point, there could be no conviction for forgery without the testimony of at least three expert witnesses to the effect that the instru-

ment was, in fact, a forgery; and this would apply even though there was an eye witness, a confession or even an admission of guilt by the defendant upon the trial. An earlier statute almost identical to the one under consideration was held to apply only to expert witnesses and not to persons testifying to facts within their own knowledge. *Garmire* v. *State* (1886), 104 Ind. 444, 4 N. E. 54.

(4) On re-direct examination of a State's witness, the prosecutor ask if he knew why the defendant's employment at the food market had been terminated. The defendant's objection was sustained and the question never answered. Later in the proceedings, the prosecutor ask the defendant, upon cross examination, what occasioned his severance of such employment. The defendant objected and the question was withdrawn. It is the defendant's position that the inference raised by asking the questions was prejudicial to him. Since neither question was answered, we cannot agree that the defendant was harmed. Further, the defendant is here attempting to present such alleged error for the first time. In neither of the instances complained of did he ask for the jury to be admonished nor move for a mistrial.

Error may not be urged for the first time on appeal but must be timely and properly raised in the trial court. *Chambers* v. *State* (1966), 247 Ind. 445, 215 N. E. 2d 544; *Tyler* v. *State* (1968), 250 Ind. 419, 236 N. E. 2d 815: *Powell* v. *State, supra.*

(5) The defendant, in this appeal, also urges that his sentence constitutes unconstitutional cruel and unusual punishment violative of the 8th Amendment of the Constitution of the United States and Article I, Section 16 of the Constitution of Indiana. He has presented no authority, as required by Rule AP 8.3(A) (7). Under this heading, Defendant has put forth persuasive reasons supporting the suspension of sentence or executive clemency, as

well as for serious legislative consideration. He was but twenty-six years old at the time of his conviction and supporting his wife and three small children, who were subsequently relegated to the Welfare rolls. He had not previously been convicted of any criminal offense. The amount obtained by his forgery was but $60.00 and was repaid anonymously shortly after the crime was discovered. He could have been charged with or convicted of the lesser included offense of theft not from the person of an amount less than $100.00, which would have carried a much less severe penalty than the one inflicted, which exceeds the one for the violent crime of assault and battery with intent to commit a felony and is equal to the one for assault and battery with intent to kill. Generally, the constitutional prohibitions against cruel and unusual punishments, however, are proscriptive of atrocious or obsolete punishments and are aimed at the kind and form of the punishment, rather than the duration and amount. *Hobbs* v. *State* (1892), 133 Ind. 404, 32 N. E. 1019; 18 L. R. A. 774; *Kistler* v. *State* (1920), 190 Ind. 149, 129 N. E. 625; *Badders* v. *United States* (1916), 240 U.S. 391, 36 S. Ct. 367, 60 L. Ed. 706. These are primarily legislative considerations, and we are not at liberty to set aside a conviction and sentence because, on the record, they seem severe. *Blue* v. *State* (1946), 224 Ind. 394, 67 N. E. 2d 377; *Mellot* v. *State* (1942), 219 Ind. 646, 40 N. E. 2d 655. It is only when a criminal penalty is not graduated and proportioned to the nature of an offense, or where it is grossly and unquestionably excessive that this provision of the Constitution is intended to apply. *Weems* v. *United States*, 217 U.S. 349, 30 S. Ct. 544, 54 L. Ed. 793. Such is not the case here.

The law imposes upon us duties that are often painful of execution. There are areas wherein we have great powers and discretion, others where we have none, and we have not been invested with the authority to reverse judgments of the lower court out of considerations urged in this appeal.

The judgment of the trial court, is, therefore, affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 166.