WALTER BELCHER v. STATE OF INDIANA.

[No. 2-674A141. Filed April 28, 1975.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *David P. Freund*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

ROBERTSON, C.J.—Defendant-appellant (Belcher) appeals from the denial of his petition for post-conviction relief in which he contended that his sentence was being unconstitutionally held in abeyance.

Finding no error, we affirm.

In 1968, Belcher was paroled from a life sentence pronounced after his conviction of a murder charge in 1952. In 1970, while on parole, Belcher was convicted of assault

and battery with intent to kill and sentenced to not less than two (2) nor more than fourteen (14) years.

After his arrival at prison, the parole board held a hearing and determined, in accordance with IC 1971, 11-1-1-11 (Burns Code Ed.), that Belcher serve the original life sentence before beginning service on the new indeterminate sentence. That statute provides, in pertinent part:

> "Any prisoner who commits a crime while at large upon parole and who is convicted and sentenced therefore may be required by the board to serve such sentence after the original sentence has been completed."

Belcher, while not challenging the constitutionality of the statute itself, contends that its application to a person on parole from a life sentence is unconstitutional.

The basis of Belcher's argument seems to be that since the parole board lacks the power to grant a discharge from a life sentence, he will never be allowed to serve his indeterminate sentence. He argues that allowing the board to use its statutory authority in this manner denies him equal protection of the laws and the right to be free from cruel and unusual punishment.

It is first noted that Belcher presented no authority for either of his constitutional contentions as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(7), and has made only the broadest allegations of constitutional harm.

In any event, neither constitutional argument is of any merit.

As for Belcher's allegation of cruel and unusual punishment, our Supreme Court has stated:

> "It is only when a criminal penalty is not graduated and proportioned to the nature of an offense, or where it is grossly and unquestionably excessive that this provision of the Constitution is intended to apply." *Hollars* v. *State* (1972), 259 Ind. 229, 286 N.E.2d 166.

The determination of the parole board does not fall within the constitutional prohibitions against cruel and unusual punishments.

As for the equal protection argument, we are unable to see how Belcher has been treated any differently than any other prisoner falling within the scope of the statute. The fact that Belcher's original sentence was a life sentence should not bar the application of IC 1971, 11-1-1-11 (Burns Code Ed.). That fact is one which should have been considered prior to the commission of the second offense and should not in any event operate to Belcher's advantage.

The determination of the parole board to hold Belcher's indeterminate sentence in abeyance is neither cruel and unusual punishment nor does it deny him equal protection of the law.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.