## LOWELL CLIFTON *v.* STATE OF INDIANA

[No. 1-577A97. Filed May 16, 1978. Rehearing denied June 15, 1978. Transfer denied March 5, 1979.]

*Joseph B. Barker*, of Martinsville, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Daniel Lee Pflum*, Deputy Attorney General, for appellee.

### STATEMENT OF THE CASE

LOWDERMILK, J. — Defendant-appellant Lowell Clifton appeals his conviction for aiming a deadly weapon.[1]

### FACTS

The evidence most favorable to the State reveals that on July 15, 1975 DeMorse Smith, a black camp counselor, and several children were erecting a tent for a camp-out in Martinsville City Park. While the campers were erecting the tent, Clifton and his son-in-law drove up and stopped their car. When Clifton, who intensely disliked Negroes, saw that Smith

was a black man, he called to Smith from his car and told Smith that blacks did not belong in Morgan County and that Smith had better be gone before sundown.

Smith, who was unable to understand what Clifton had said, and who thought that Clifton might have been the parent of one of the campers, started jogging toward Clifton's car to determine what Clifton was saying.

When Smith got near the car Clifton pointed a gun at Smith and told him that if he wasn't gone within two minutes he would be dead. Both Clifton and his son-in-law admit that Clifton was holding a gun in his hand while Clifton talked to Smith.

Clifton was arrested at his home about an hour later. A warrantless search was conducted for the gun. Without Clifton's permission the police searched Clifton's car, and found and confiscated the gun.

## ISSUES

The issues which have been presented to this court on appeal are as follows:

1. Whether the sentence for pointing or aiming weapons under IC 1971, 35-1-79-5, *supra*, is unconstitutional and improper in that the law allows alternative sentences for the same crime and specifies no way to determine whether a person found guilty should be sentenced to 1-3 years or up to 6 months;

2. Whether the court erred in allowing the State to introduce into evidence a weapon which was the fruit of an illegal search and seizure.

## DISCUSSION AND DECISION

*Issue One*

IC 1971, 35-1-79-5, *supra*, reads as follows:

"It shall be unlawful for any person over the age of ten [10] years, with or without malice, purposely to point or aim any pistol, gun, revolver or other firearm, either loaded or empty, at or toward any other person; and any person so offending shall be deemed guilty of an unlawful act, and, on conviction, shall be fined not less that [than] one hundred dollars [$100] nor more than five hundred dollars

[$500], to which may be added imprisonment not to exceed one hundred and eighty [180] days or such person may be imprisoned not less than one [1] year nor more than three [3] years. Any such person upon a second or subsequent conviction with (sic) a two [2] year period from the date of such prior conviction of the offense defined herein shall be imprisoned for not less than one [1] year nor more than three [3] years and punished by a fine of not less than two hundred fifty dollars [$250] nor more than one thousand dollars [$1000]: Provided, That the provisions of this section shall not apply to a person pointing or aiming such firearm in defense of his person or property, or in defense of those entitled to his protection by law."

Clifton contends that IC 35-1-79-5, *supra*, is violative of Ind. Const., art. I, § 16 which prohibits cruel and unusual punishments and provides that penalties shall be proportional to the nature of the offense. It is Clifton's contention that the alternative sentences provided for in IC 35-1-79-5, *supra*, are not proportional to the nature of the offense for the reason that first time offenders may be given the same sentence which is mandatorily imposed upon a person who repeats the offense within a two year period. Clifton further argues that if a sentence of 0 to 180 days imprisonment is proportional to a first offense of a certain crime, then it would be impossible for a sentence of a 1-3 years imprisonment to also be proportional to a first offense of that same crime.

We do not agree. Whether or not a penalty is proportional to a certain offense is a question to be decided by the legislature.[2] The Indiana legislature has determined that either a sentence of 0 to 180 days or a sentence of 1 to 3 years may be a proportional punishment for the offense of aiming a firearm, pursuant to the provisions of IC 35-1-79-5, *supra*. We cannot change such a legislative determination unless it is found to be unconstitutional.[3]

In order for this court to find that a legislatively prescribed penalty is unconstitutional because it is cruel and unusual or disproportionate we must consider the following statement made by our Supreme Court in *Hollars v. State* (1972), 259 Ind. 229, 286 N.E.2d 166 on page 170:

". . . Generally, the constitutional prohibitions against cruel and unusual punishments, however, are proscriptive of atrocious or ob-

solete punishments and are aimed at the kind and form of the punishment, rather than the duration and amount. Hobbs v. State (1892), 133 Ind. 404, 32 N.E. 1019; 18 L.R.A. 774; Kistler v. State (1920), 190 Ind. 149, 129 N.E. 625; Badders v. United States (1916), 240 U.S. 391, 36 S.Ct. 367, 60 L.Ed. 706.

These are primarily legislative considerations, and we are not at liberty to set aside a conviction and sentence because, on the record, they seem severe. Blue v. State (1946), 224 Ind. 394, 67 N.E.2d 377; Mellot v. State (1942), 219 Ind. 646, 40 N.E.2d 655.

It is only when a criminal penalty is not graduated and proportioned to the nature of an offense, or where it is grossly and unquestionably excessive that this provision of the Constitution is intended to apply. Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793. . . ."

Therefore, we cannot find IC 35-1-79-5, *supra*, violative of Ind. Const. art. 1, § 16 unless we find that the punishment provided for therein is "grossly and unquestionably excessive." We do not find such gross or unquestionable excess, and we hold that IC 35-1-79-5, *supra*, does not violate the proportional punishment provision of the Indiana Constitution.

Clifton has waived his right to have this court discuss his allegation that IC 35-1-79-5, *supra*, does not contain sufficient statutory guidelines designed to aid the jury in determining which of the alternative sentencing provisions they will impose upon a defendant for the reason that Clifton has failed to provide this court with cogent argument or citations of authority on this issue. See Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) and *Pieper v. State* (1975), 262 Ind. 580, 321 N.E.2d 196.

*Issue Two*

It is not necessary for this court to determine whether the trial court erred in admitting into evidence the gun which Clifton alleges was seized in violation of his rights against unreasonable search and seizure, pursuant to U.S. Const., amend. IV, for the reason that Clifton has not demonstrated that he was prejudiced by the search for and seizure of the gun and by the admission of such evidence

obtained thereby. In *Bobbitt v. State* (1977), 266 Ind. 164, 361 N.E.2d 1193, 1198, our Supreme Court said that an appellant must show that the error complained of was prejudicial.

In the case at bar the record clearly shows that both Clifton and his son-in-law testified that Clifton kept a handgun in his automobile and that Clifton was holding that gun in his hand as Smith approached Clifton's automobile. Since there was more than adequate evidence that Clifton was holding a gun and was aiming that gun at Smith, then even if the introduction of the gun itself into evidence was error, such error was harmless.

Judgment affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE — Reported at 375 N.E.2d 1126.